ELLIS, Judge.
This is a suit for damages, brought by Veday J. Malbrough, Jr., on behalf of his minor son, Patrick Malbrough, for personal injuries, and individually for medical expenses and o.ther special damages. The injuries were incurred on December 30, 1965, when Patrick Malbrough, riding on a motorbike, struck a boat and trailer, being towed by an automobile owned and operated by Amos Davidson.
Davidson was accompanied by Raymond Williams, with whom he was going on a fishing trip. The boat and trailer had been obtained by Williams, who was directing Davidson, a stranger to the area, to the intended fishing spot.
The accident happened when Davidson made a left turn across the highway. Prior to doing so, he had stopped his car and saw nothing approaching in the op *315 posing lane except a vehicle about 350 feet away. The automobile was off of the highway, and the trailing boat was completely blocking the opposing lane, when the accident occurred. Davidson did not see young Malbrough until immediately before the impact. Patrick could not recall the accident at all.
The trial judge found Davidson, Williams, and Davidson’s insurer liable, and awarded $20,000.00 for personal injuries, plus special damages totalling $2,635.05. Defendants have appealed, asserting that the lower court erred in its finding of liability, and, alternatively, that the award of damages was excessive. They also complain that Williams should not have been found liable, and that certain items of special damages and expert’s fees were improperly awarded.
It is conceded that Davidson was negligent in failing to observe the approach of Patrick Malbrough on his motorbike. However, defendants contend that Patrick was contributorily negligent in failing to take evasive action. It is argued that, considering the slow speed at which defendant made his turn, Patrick had ample time to observe the maneuver and either bring his motorbike to a stop or evade the collision.
No one was able to testify as to the exact location of the motorbike when Davidson began his turn. The driver of the approaching vehicle, which Davidson testified was 350 feet distant then, testified that he had followed the motorbike for some time, that it was going about 40 miles per hour, and that he was about 500 feet behind it.
The trial court found from the above circumstances that Patrick was in such close proximity to Davidson when he turned that he was unable to stop his motorbike or take effective evasive action. We cannot say that in so finding he was manifestly erroneous.
However, we cannot agree with the finding of liability on the part of the guest passenger, Raymond Williams. Based on the circumstances hereinabove set forth, the trial court found that the automobile was under the direction and control of Williams, and found him solidarity liable with Davidson for the damages.
 Before plaintiff can recover from a passenger in defendant’s automobile, he must show some joint interest of driver and passenger, and an equal right in the passenger to direct or control the driver in the operation of the vehicle. Squyres v. Baldwin, 191 La. 249, 185 So. 14 (1938); Evans v. Allstate Insurance Company, 194 So.2d 762 (La.App. 1 Cir. 1967). In directing Davidson to the fishing spot, Williams did not have or exercise the right to control required by law. There is no claim of independent negligence on his part.
In the accident, plaintiff’s son suffered a concussion and contusion of the brain, a linear skull fracture, and an extradual hematoma or blood clot on the right side of the brain. He was operated on for the latter condition on January 1, 1966, and, according to all the medical testimony, made a satisfactory recovery. He was released from the hospital on January 18.
He returned to school in February or March, and graduated with his class, although his work load was reduced. While at school, he needed attendants to keep him from falling because of his weakened condition.
Patrick was seen by a neurosurgeon on March 15, 1966, who found him to be in need of no neurological treatment, and felt that he had made a full recovery, except for the scar left by the operation. During this period, his main complaint was of headaches and vibrations in his head caused by load noises, or sudden changes of position.
*316 He was seen by a second neurosurgeon on March 27, 1967. This doctor, who testified on behalf of plaintiff, found that the headaches and vibrations which were complained of were the result of the accident, and felt that they would subside within several months of the time of the examination. He was of the opinion that the only-residual effect Patrick would suffer would be the bony defect in the skull resulting from the operation.
An electroencephelogram was made at the time, which showed an abnormality at the site of the blood clot and operation, which none of the doctors who testified felt would have any effect on his activities or his ability to do his job.
After finishing school, plaintiff’s son got a job as a meter reader, and worked as such for fifteen months. Thereafter, he worked as a roustabout, but was fired from that job shortly before the trial of this case, in December, 1967. He testified that he was unable to do the work required of him. There is no testimony that his inability to do the work is attributable to his injury. Plaintiff’s son also testified that he was still having occasional headaches as of the time of the trial.
There is no disputing the seriousness of Patrick’s injury, nor the fact that he enjoyed a remarkable recovery. One doctor testified that he had made a full recovery in March, 1966, and a second felt that he should be asymptomatic by the middle of 1967.
Patrick was able to work from the middle of 1966, and did so. There is no evidence whatsoever to support a claim for residual disability, either physical or psychological.
Under those circumstances, we feel that the award of $20,000.00 made by the trial court is excessive. An award of $10,000.-00 is more in line with the authorities.
Defendants object to an award of $300.00 for the loss of the motorbike, alleging that plaintiff has not proved the claim with legal certainty. Mr. Malbrough testified without objection that the bike was a total loss, and that it cost $396.31. The record shows that it was purchased on May 11, 1965, some seven months before the accident. Defendant is entitled to recover something for the loss of the motorbike, and the district court has the authority to make a reasonable award under the circumstances. Becker v. Choate, 204 So.2d 680 (La.App. 3 Cir. 1967). We find that the award of $300.00 in this case is reasonable.
Defendants also object to an award of $30.00 to replace the clothes worn by Patrick, which were destroyed in the accident. Mr. Malbrough testified without contradiction that the clothes were one week old at the time of the accident, and that he replaced them with identical items for the sum of $30.00. The trial court correctly allowed this item.
Finally, defendants object to the amount of the expert’s fee fixed for the testimony of Dr. Gerald Haydel, a surgeon who testified in court for about 45 minutes. His office is in Houma, where the case was tried. He testified that he did not'know the usual fee for testifying in court, but that he was going to send a bill for $150.00 for his appearance. The court awarded that amount as his expert’s fee. In view of the fact that virtually all of his testimony was as a treating physician, rather than as an expert, and the short period of time he was in court and away from his office, the award is excessive and will be reduced to the sum of $75.00.
Accordingly, the judgment appealed from is reversed as to Raymond Williams, and the suit against him is dismissed. The judgment is amended so as to reduce the amount awarded to plaintiff for the use and benefit of Patrick Malbrough >to $10,- *317 000.00, and to reduce the expert’s fee fixed for Dr. Haydel to $75.00, and, in all other respects, it is affirmed, at plaintiff’s cost,
, , , . j Reversed m part, amended m part, and affirmed.