BOLIN, Judge.
Raymond R. Weeks, his brother, Dennis H. Weeks, Roy K. Bedgood and James Paul Thomas were involved in a four-car collision. Commercial Standard Insurance Company is the liability- insurer of Thomas. Raymond, his wife and Dennis Weeks sued Thomas and Commercial Standard for damages arising out of the accident. Other parties were also made plaintiffs, third parties, etc., but since the matters involving these parties have either been disposed of or are immaterial to the issue in this court, we pretermit any other reference to them for the sake of simplicity. Thomas and Commercial Standard denied liability, and Mr. and Mrs. Thomas reconvened for special damages, damages for personal injuries to themselves and for damages on behalf of their minor children. For written reasons the trial judge found Raymond and Dennis Weeks guilty of negligence, and Thomas free of negligence, and rendered judgment under the recon-ventional demand in favor of Mr. and Mrs. Thomas against the Weeks in solido for a total of $2959.45, of which $1200 was for property damage to the Thomas vehicle. The district judge granted a new trial limited to the question of the $1200-item. For oral reasons he disallowed this portion of the award and rendered judgment in the amount of $1759.45. From this judgment James Paul Thomas perfected an appeal alleging as error the court's failure to award him $1200 for damage to his car. No other parties appeal nor answer the appeal.
The issue, as correctly set forth in appellant’s brief, is whether Thomas has proved he is entitled to $1200 for property damage.
The basis for the original judgment, casting the defendants in reconvention for $1200, was the trial judge’s recollection that the amount of property damage was stipulated. After hearing arguments on the motion for a new trial the judge discovered no such stipulation was contained in the record. Further, he was of the opinion there was insufficient proof to sustain an award for property damage and, accordingly, the judgment which was signed omitted this item.
The reconventional demand contained an allegation of special damages of $1600 for damage to the Thomas automobile. Defendants in reconvention denied this allegation. The only evidence relating to this damage was a purported carbon copy of a subrogation agreement signed by James P. Thomas, which was identified as D-17. The testimony on this subject is as follows:
“Q I show you a document that we have marked D-17 for identification. It is entitled Proof of Loss Settlement and Subrogation Agreement. * * *
“BY MR. BICE: Object to that, your Honor, the introduction of it. Just go ahead.
“Q Is this your signature on it?
*82 “A Yes, sir.
“Q You had your insurance at the time of the accident with Commercial Standard Insurance Company?
“A Yes, sir.
“Q And they paid you as outlined on this subrogation agreement?
“A Yes, sir.
“Q You had $100.00 deductible?
“A That’s right.
“Q And you received $1100.00 ?
“A Yes, sir.
“Q This was for the damage to your vehicle caused in the accident?
“A Yes, sir.
Counsel for appellees objected to the introduction of the carbon copy of the document into evidence because it was not the best evidence. Counsel further contended that if Thomas had subrogated his right to Commercial Standard that Thomas had no right to sue or recover the total amount since he was not suing as agent of the subrogee, Commercial Standard. The copy of the subrogation agreement was admitted into evidence subject to these objections.
Nine photographs depicting the locality where the accident happened and showing damages to several vehicles involved in the wreck were admitted into evidence. However, there was no photograph of the Thomas automobile included in these exhibits.
Appellant contends there is ample evidence in the record to substantiate a judgment for $1200 for damage to his vehicle. It is contended by Thomas that the sub-rogation agreement reflected the amount of damage to his automobile which, coupled with the photographs of the various vehicles, is sufficient evidence upon which to predicate this award. In connection with his argument we have been cited to the cases of Malbrough v. Davidson (La.App. 1 Cir. 1969), 219 So.2d 313; and Allen v. Baucum (La.App. 4 Cir. 1969), 218 So.2d 662.
After a careful review of the record we conclude Thomas has not borne the burden of proving the damage to his automobile with any degree of certainty. The objection to the introduction of the copy of the subrogation agreement is good and should have been sustained. There was no evidence explaining the absence of the original document, and under the best evidence rule the copy is inadmissible. Carr v. Williams (La.App. 4 Cir. 1962), 145 So.2d 611; Auto-For-Rent, Inc. v. Provenza (La.App. 2 Cir. 1970), 242 So.2d 353.
In the absence of the subrogation agreement the only evidence tending to prove the property damage was the testimony of Thomas that he had an insurance policy with Commercial Standard Insurance Company which contained a $100 deductible clause and that he received $1100 as payment for the damage to his vehicle caused by the accident. There was no photograph showing the condition of the vehicle nor any testimony by a disinterested party that the car was damaged. The duty was upon the plaintiff in recon-vention to prove his case, and a judgment allowing recovery under the evidence heretofore set forth would be based upon either incompetent evidence or speculation and conjecture.
The cases of Malbrough v. Davidson and Allen v. Baucum, supra, which are relied on by appellant, are factually distinguishable from the instant case. The cases do hold that courts have some discretion in determining whether there is sufficient evidence in any given case to support an award for property damage.
We conclude the judgment of the lower court should be affirmed for failure of plaintiff in reconvention to prove his case by a preponderance of evidence. Having decided the case on this point, it is un *83 necessary for us to pass upon the question of whether Thomas was entitled to prosecute this claim for the total amount of his alleged damage after having admittedly subrogated his rights to Commercial Standard, which is not a party to this appeal.
For the reasons assigned the judgment of the lower court is affirmed at appellants’ cost.