HEARD, Judge.
This is an action for damages by Elmer Vittetoe, Jr., against Mrs. Jackie J. Matt-son, Traders & General Insurance Company, Baptist Christian Academy, Ada C. Caraway and Allstate Insurance Company. The suit arose out of an intersectional collision between a school bus driven by Mrs. Mattson for the Baptist Christian Academy and an automobile driven by Ada C. Caraway. Traders & General was the liability insurer of the school bus and Allstate Insurance Company was the liability insurer of Mrs. Caraway’s car. Elmer Vittetoe, Jr.’s son, Trey Vittetoe, was a passenger in the school bus and injured ^ a result of the collision.
Elmer Vittetoe, Jr. sued the above defendants individually to recover medical expenses, and as administrator of his son’s estate to recover damages for pain and suffering, disability and disfigurement.
Trey received a severe laceration beginning above his left eye and extending approximately to the crown of his head. This wound left a scar, a depression of the skull beneath the scar, and a condition known as ptosis which is the inability of the muscles to completely raise the eyelid. Trey recovered from the injury in a physical sense, except for the ptosis, and his remaining permanent injuries are strictly cosmetic.
The collision occurred about 3:30 p. m. on October 28, 1969, at the intersection of Edwin and McWillie Streets in the City of Shreveport. A city ordinance designates Edwin a stop street at McWillie, and stop signs were erected accordingly at the southwest and northeast corners of Edwin and McWillie. McWillie is a north/south *833 roadway and Edwin is an east/west roadway. Approximately three or four days prior to this accident, the stop sign at the southwest corner of Edwin and McWillie was removed, pole and all, by persons unknown.
Mrs. Mattson was driving the school bus in an easterly direction on Edwin and Mrs. Caraway was proceeding southerly on McWillie. Neither driver applied her brakes at the intersection, and, although both drivers testified they looked both ways before entering the intersection, neither saw the other until the collision was imminent. The bus, a 1967 Chevrolet panel truck, struck the car, a 1967 Pontiac, broadside in the southwest quadrant of the intersection. Neither driver’s speed was excessive at the time of or prior to the collision. Trey was thrown from the bus and injured.
The subsequent suit was tried before a jury which found for plaintiff against Mrs. Mattson, the Baptist Christian Academy and Traders & General Insurance Company. The jury awarded damages to Elmer Vittetoe, Jr., individually, in the amount of $500, and as administrator of his son’s estate in the amount of $13,500. Judgment against these defendants, in solido, was rendered accordingly and Mrs. Mattson, the Baptist Christian Academy and Traders & General Insurance Company, as well as Elmer Vittetoe, Jr. appealed.
It should be noted that Mrs. Mattson, Baptist Christian Academy and Traders & General Insurance Company are not asserting that Mrs. Mattson was free from negligence, but rather that Mrs. Caraway should be found to be a joint tortfeasor, and therefore also liable in solido to plaintiff. They further assert that the quantum of damages awarded is excessive. Elmer Vittetoe, Jr., also asserts that Mrs. Caraway was a joint tort-feasor, however, contending the quantum awarded is correct.
McWillie is normally the preferred street at this intersection. However, on the date of the collision the stop sign facing Mrs. Mattson was not in place. Our jurisprudence is such that:
“ * * * where the boulevard, through street or arterial highway has been properly designated and appropriate signs have been erected, it ordinarily has been held that the preferred status of the highway is not lost merely because a stop sign is misplaced, improperly removed, destroyed, or obliterated.” [74 A.L.R. 2d 245]
See also Fontenot v. Hudak, La.App., 153 So.2d 120 (3d Cir. 1963); Kinchen v. Hansbrough, La.App., 231 So.2d 700 (1st Cir. 1970) and Ory v. Travelers Insurance Company, La.App., 235 So.2d 212 (4th Cir. 1970) quoting with approval the above text. It seems clear that under the jurisprudence of this state, McWillie was the preferred street at this intersection. This is significant because it is settled that the driver proceeding on a preferred street has the right to assume that others will obey the law and stop. Ory v. Travelers Insurance Company, supra; Kinchen v. Hansbrough, supra; Fontenot v. Hudak, supra. In Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960) our Supreme Court said:
“ * * * when an intersection is controlled by a stop sign, the motorist on the favored street * * * is entitled to indulge in the assumption that any driver approaching from the less favored street will bring his car to a complete stop before entering the intersection.” [118 So.2d 431, 434]
As in the case with most rights accorded to persons under our law, the preferred driver’s right to assume that others will obey the law and stop is not unlimited. Thus in Rome v. D’Antoni, Inc., La.App., 246 So.2d 331 (1st Cir. 1971) writ refused, 258 La. 767, 247 So.2d 864 (1971) it was said that:
“ * * * where the motorist on the favored street could have avoided the accident by the exercise of the slightest degree of observation and care, he will be deemed guilty of negligence consti *834 tuting a proximate cause of the accident.” [246 So.2d 331, 334]
We interpret the above statements of our jurisprudence to mean that a driver on a preferred street may 'engage in the assumption that drivers on servient streets will yield the right of way, and he may continue to engage in this assumption until he sees or should see a situation that indicates it is no longer reasonable to assume the right of way will be yielded. Here Mrs. Caraway was traveling on what she knew to be a preferred street while proceeding at a speed of approximately 25 miles per hour. She testified she looked both ways before entering the intersection and saw nothing. Assuming, but not deciding, that Mrs. Caraway should have seen the bus approaching the intersection, the record reflects that she could have observed the vehicle approaching a stop street at a speed of 15 to 20 miles per hour. This is not an excessive rate of speed and is, in fact, quite slow. We find the record devoid of evidence showing that what Mrs. Caraway should have seen would have indicated that it was no longer reasonable to assume her right of way would be respected.
As to quantum of damages in this case Mrs. Mattson, Baptist Christian Academy and Traders & General Insurance Company, suggest that the award of $13,500 plus medical expenses was excessive and should be reduced to $5,000 plus medical expenses. They give as their reason that the jury allowed sympathy to enter into its decision. Whether this is true or not will never be known, but these defendants have cited no cases with similar facts showing an abuse of discretion on the part of the jury. LSA-C.C. Art. 1934(3) states:
H< * * * ‡ *
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, * *
Following the mandate of this article our courts have held that great discretion is vested in the jury in questions of quantum and “ * * * we should not disturb the jury’s award of general damages for personal injuries in the absence of a clear abuse of their discretion. * * * ” Poche v. Frazier, La.App., 232 So.2d 851, 860 (4th Cir. 1970); Allien v. Louisiana Power & Light Company, La.App., 202 So.2d 704 (3d Cir. 1967); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). In Lomenick the court stated:
“We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the facts these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury.’ This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.” [200 So.2d 127, 131, 132]
It has been held that so called “similar” cases are relevant to determine whether an award is so excessive or so inadequate as to be an abuse of discretion, but that the particular facts and circumstances of each case should be the true test. Ballard v. National Indemnity Company of Omaha, 246 La. 963, 169 So.2d 64 (1964). In a somewhat similar case to the one at hand the award of the trial court was reduced from $20,000 to $10,000. Malbrough v. Davidson, La.App., 219 So.2d 313 (1st Cir. 1969). This is the only similar case which research disclosed, and indicates that the jury in the instant case was not acting unreasonably.
The jury in this case had the opportunity to observe plaintiff’s son first-hand. The testimony shows that this child was forced to cease being “a little boy” for a six month *835 period. There is no doubt that he underwent pain for a period of approximately two weeks after the accident. His forehead is disfigured from a scar and his eyelid will not open properly. Fortunately, the boy has now recovered from most of the effects of what could have been a much more serious accident. In light of the testimony given and “much discretion” accorded the jury in fixing damages, the award of the jury in this case is not an abuse of its discretion.
For the reasons assigned the judgment of the trial court is affirmed. Costs in this court are to be borne one-half by Traders & General Insurance, Jackie J. Mattson and Baptist Christian Academy and one-half by Elmer Vittetoe, Jr.