SARTAIN, Judge.
These consolidated cases arise out of an automobile accident which occurred in the City of Bogalusa, Washington Parish, Louisiana, on March 31, 1969, at the intersection of West 15th Street and Avenue J. Plaintiff-appellant, Grace Mixon, was driving the automobile of her son, Robert Mix-on, in a northerly direction on Avenue J and defendant-appellee’s insured, David Henderson, was driving his automobile in an easterly direction on West 15th Street.
There is testimony to the effect that there was a stop sign which controlled traffic on Avenue J approaching the intersection from the north, and that over the years there had been a stop sign located on Avenue J at the southeast corner of the intersection which controlled traffic on Avenue J approaching the intersection from the south. However, at the time of the accident the stop sign at the southeast corner of the intersection was not in place. *578 Testimony and evidence in the record indicate that the Bogalusa Police Department had considerable trouble in keeping this sign in place. Records of that department, entered in evidence at trial, show that a stop sign was placed there sometime during the week prior to January 20, 1969, that another stop sign was placed there sometime during the week prior to March 17, 1969, and that again on March 31, 1969, immediately after the accident another stop sign was placed there.
Both drivers testified at trial that they were familiar with the intersection. Mr. Henderson had lived in the neighborhood since 1964 and Mrs. Mixon had lived there for about two years with her daughter. Mr. Henderson testified that he knew a stop sign was supposed to be on Avenue J controlling traffic approaching West 15th from his right. His daughter, Miss Connie Henderson, also testified that there had been a stop sign there prior to the day of the accident. However, Mrs. Grace Mixon testified that she had not seen a stop sign south of the intersection prior to the accident. Her son, Robert Wayne Mixon, and several other relatives also testified that they had not seen a stop sign for northbound traffic on Avenue J at that intersection prior to the accident. Plaintiff-appellant, Grace Mixon, further testified that she knew there was a stop sign on Avenue J north of its intersection with West 15th Street for southbound traffic.
It appears that the two automobiles approached the intersection that morning at approximately the same time. Mrs. Mixon testified that she was going about 5 to 10 m. p. h. and Mr. Henderson stated that he was going about 20 m. p. h. Mrs. Mixon heard the Henderson auto approaching from her left just before the collision and attempted to brake and veer to the right. Henderson saw the Mixon auto when he was about 10 feet from the intersection and the Mixon car was also about 10 feet therefrom. The collision occurred on the east side of the intersection south of the center line of West 15th.
Evidence was adduced at trial that on the southwest corner of this intersection there was a vacant lot which at the time of the accident was grown up with underbrush about 10 feet high, thereby partially obstructing each driver’s view of the intersection.
Based on these facts plaintiff, Mrs. Grace Mixon, individually and on behalf of the minor, Vinsen Everett Mixon, who was a passenger in the Mixon auto, brought suit for personal injuries against defendant, Allstate Insurance Company. Defendant-Appellee answered denying negligence on the part of its insured and asserting a third party demand against the City of Bo-galusa and its insurer. Robert W. Mixon also brought suit against defendant Allstate for property damage sustained by the auto driven by Grace G. Mixon, his mother. These cases were consolidated and after trial on the merits judgment was rendered in favor of defendant denying plaintiff’s recovery, from which judgment plaintiffs perfect this appeal.
Plaintiffs-appellants assert that the trial court erred in holding that West 15th Street was the favored street, in holding Grace G. Mixon negligent, and in failing to find defendant’s insured negligent.
Appellants rely upon the provisions of the Louisiana Highway Regulatory Act which provides in part:
LSA-R.S. 32:121:
“A. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
*579 “C. The right of way rules declared in Sub-sections A and B are modified at through highways and otherwise as hereinafter stated in this Part.”
LSA-R.S. 32:123:
“A. Preferential right of way at an intersection may he indicated by stop signs or yield signs.”
Appellants argue that since there was no stop sign in place at the time of the accident for northbound traffic on Avenue J to indicate the dominate road and right of way, the general rule of directional right of way under LSA-R.S. 32:121(B) applies. It appears that both vehicles did enter the intersection at approximately the same instant and that Mrs. Mixon was approaching from the right, hence it is argued that under the general rule she had the right of way.
In the case of Fontenot v. Hudak, 153 So.2d 120 (La.App., 3rd Cir. 1963) a similar situation was presented. In that case, the plaintiff was proceeding on a designated right of way street through an intersection which was familiar to him. The defendant was approaching from plaintiff’s right. There was a building on the corner which partially obstructed the view of the two motorists. Unknown to either motorist the stop sign controlling the cross street was down and lying on the ground. In holding for the plaintiff the court stated:
“[1] The general rule of law in a case where a stop sign has been misplaced, improperly removed, destroyed or obliterated is set out in 74 A.L.R.2d at pages 245 and 246, and reads as follows:
“ ‘Where the boulevard, through street, or arterial highway has been properly designated and appropriate signs have been erected, it ordinarily has been held that the preferred status of the highway is not lost merely because a stop sign is misplaced, improperly removed, destroyed, or obliterated. But removal of the sign by municipal or state authorities has been held to destroy the preferred status of the arterial highway.
“ ‘The rule that a motorist driving on an arterial or preferred road protected by stop signs is entitled to assume that the driver of a vehicle on an intersecting servient street will obey the law and stop or yield the right of way has been held not rendered inapplicable because a stop sign which ordinarily should face the motorist on the side street has been misplaced, destroyed or improperly removed. But the right to rely on the assumption may be lost where the driver on the arterial road is not himself exercising due care while approaching or crossing the intersection, and motorists upon arterial highways will be held liable, of course, for collisions resulting from their failure to exercise due care toward traffic on the intersecting road.’ ”
This court in a similar situation in Kinchen v. Hansbrough, 231 So.2d 700 (La.App., 1st Cir. 1970), writs denied 255 La. 1099, 234 So.2d 194 (1970) applied the rationale of the Fontenot case and arrived at the same conclusion.
See also: Ory v. Travelers Insurance Company, 235 So.2d 212 (La.App., 4th Cir. 1970); Vittetoe v. Traders and General Insurance Co., 255 So.2d 831 (La.App., 2nd Cir. 1971), writ denied, 260 La. 701, 257 So.2d 156 (1972); and Dillman v. Allstate Insurance Company, 265 So.2d 322 (La. App., 4th Cir. 1972).
We are convinced that Mr. Henderson was not negligent. It is obvious from the facts that Henderson had reason to believe he was traveling on the favored street and that he did in fact believe he had the right of way. He was proceeding at a reasonable rate of speed and knew *580 from past experience that Avenue J was controlled by stop signs at this intersection.
A motorist who is traveling on a favored street is entitled to assume that any driver approaching on an unfavored street will yield the right of way and he can rely on this assumption until he sees that the other driver is not going to yield. Ory v. Travelers Insurance Company, supra; Dillman v. Allstate Insurance Company, supra. This right is not lost because the stop sign controlling intersecting traffic has been removed, lost or obliterated. •Fontenot v. Hudak, supra.
Plaintiff, Mrs. Mixon, admittedly did not see the Henderson vehicle until the moment of impact. With her view partially obstructed by the underbrush on the vacant lot Mrs. Mixon entered the intersection and now seeks to justify this entry by reliance on the statutory right of way. We are of the opinion that her failure to maintain a proper lookout constitutes negligence on her part which was a proximate cause of the accident. Regardless of whether she knew or should have known of the inferior status of Avenue J at this intersection, she entered the intersection with no apparent right of way and collided with a vehicle which would have had the right of way had the stop sign been in place. Cangiamilla v. Brindell-Bruno, Inc., 210 So.2d 534 (La.App., 4th Cir. 1968), writ refused 252 La. 839, 214 So.2d 162 (1968). She cannot rely upon the statutory right of way to justify her negligent entry into this intersection.
For the above and foregoing reasons the judgment appealed in proceeding number 9014 in favor of defendant, Allstate Insurance Company, dismissing plaintiff’s, Mrs. Grace G. Mixon, individually and on behalf of Vinsen Everett Mixon, demand is affirmed at appellant’s cost.
Also the judgment in proceeding number 9015 in favor of Allstate Insurance Company dismissing plaintiff, Robert W. Mix-on’s demand is affirmed at appellant’s cost.
Affirmed.