231 So.2d 373

**Jeanne BAZANAC, Wife of/and Octave Bazanac**

**v.**

**STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Raymond Concrete Pile, Division of Raymond International, Inc., and Liberty Mutual Insurance Company.**

**No. 49672.**

Jan. 20, 1970.

2. Act No. 551 of 1950.

Garvey, Salvaggio & Prendergast, Peter A. Winkler, Jr., New Orleans, for appellants.

Philip K. Jones, Norman L. Sisson, Baton Rouge, Jesse S. Guillot, New Orleans, for appellees.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ernest A. Carrere, Jr., George Piazza, New Orleans, amici curiae.

BARHAM, Justice.

This is a suit for damages to plaintiffs' property allegedly caused by pile driving operations performed in connection with the construction of Interstate 10, a public highway, through New Orleans. The principal defendant, State of Louisiana through the Department of Highways,[1] filed an "Exception of governmental immunity" (an exception not known to our law) and exceptions of no cause and no right of action based on the allegation of the Department's immunity from suit. The district court, without assigning written reasons, sustained the exception of no cause of action and dismissed the suit as to the Department. On appeal the Fourth Circuit Court of Appeal reversed the judgment sustaining the exception of no cause of action, but apparently affirmed the dismissal of the suit against the Department of Highways under the exception of no right of action.[2] 218 So.2d 121.

---

1. Also made defendants were Raymond Concrete Pile, Division of Raymond International, Inc., the Highway Department's contractor, and Liberty Mutual Insurance Company, Raymond's liability insurer.

2. The Court of Appeal was in error in saying that "the exceptions of no cause and no right of action were maintained" by the trial court. The judgment of the trial court maintained only the exception of no cause of action, and

.  . A writ was also granted by this court in Picou v. Department of Highways, 255 La. 422, 231 So.2d 374, and the matters were consolidated for argument on the issue of governmental immunity. The question whether the Department of Highways is immune from suit has caused some confusion and conflict in the jurisprudence of the Courts of Appeal. After the granting of this writ and that in the Picou case, supra, this court ruled in a delictual action that R.S. 48:22 and Article 3, Section 35, of the Constitution resulted in a general waiver of the Department's immunity from suit. Herrin v. Perry and Perry v. Herrin, decided November 10, 1969, 254 La. 933, 228 So.2d 649. In Reymond v. State through Department of Highways, 255 La. 425, 231 So.2d 375, we held that the Department has waived immunity from suit and liability for all actions. For the reasons given in those cases we find no merit in any of the exceptions filed by the defendant, however styled, and they are overruled.

Accordingly the judgments of the district court and the Court of Appeal are annulled and set aside, and this case is remanded to the trial court for further proceedings according to law and consistent with this opinion. Assessment of costs is to await final disposition of this litigation.

the affirmance in part by the Court of Appeal we treat as being an affirmance

of the dismissal grounded upon the exception of no right of action.