231 So.2d 374

Antonia COMPASS, Divorced Wife of Alphonse PICOU

v.

DEPARTMENT OF HIGHWAYS of the State of Louisiana, Boh Brothers Construction Company, Inc., and the Travelers Insurance Company.

No. 50029.

Jan. 20, 1970.

of the dismissal grounded upon the exception of no right of action.

Cox, Bagot & Huppenbauer, Henry L. Klein, New Orleans, for appellant.

Philip K. Jones, Norman L. Sisson, Baton Rouge, Jesse S. Guillot, New Orleans, for appellees.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ernest A. Carrere, Jr., New Orleans, amici curiae.

BARHAM, Justice.

Alleging damage to her property caused by the construction of Interstate 10 through New Orleans, Mrs. Antonia Compass Picou brought this suit against the Department of Highways of the State of Louisiana; Boh Brothers Construction Company, Inc., the Department's contractor, and Travelers Insurance Company, Boh's liability insurer. The Department filed exceptions of no cause and no right of action, the basis of which was its allegation of governmental immunity from such an action and from liability. The trial judge dismissed the suit on one or both of these exceptions, and the Court of Appeal, Fourth Circuit, affirmed under the exception of no right of action on the ground of governmental immunity. 224 So.2d 102.

Decisions from the Courts of Appeal of this state have caused some conflict and confusion on the question of whether the Department of Highways has immunity from suit. We recently put this question to rest in our decisions in Herrin v. Perry and Perry v. Herrin, decided November 10, 1969, 254 La. 933, 228 So.2d 649, and Reymond v. State through Department of Highways, 255 La. 425, 231 So.2d 375. In Herrin v. Perry, a delictual action, this court concluded that R.S. 48:22 and Article 3, Section 35, of our Constitution, taken together, operated as a general waiver of the Department's immunity from suit. In Reymond we held that this was a waiver of immunity from suit and liability in all actions. See also Bazanac v. State of Louisiana through Department of Highways, 255 La. 418, 231 So.2d 373, with which the instant case was consolidated in this court for argument on the question of governmental immunity.

For the reasons assigned in the cases cited above, the judgments of the district court and the Court of Appeal are annulled and set aside, and the case is remanded to the trial court for further proceedings according to law and consistent with this opinion. Assessment of costs is to await final disposition of this litigation.