235 So.2d 212 (1970)
O. J. ORY, Jr.
v.
The TRAVELERS INSURANCE COMPANY, Sheila Synder Falterman and William Stallings.
Sheila SYNDER, Wife of/and Enoch J. FALTERMAN, Jr., and Evelina Madere Lemoine
v.
The TRAVELERS INSURANCE COMPANY and William C. Stallings.
Nos. 3946, 3947.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
*213 Becnel & Kliebert, Thomas J. Kliebert, Gramercy, for O. J. Ory, Jr., plaintiff-appellee.
Taylor, Porter, Brooks & Phillips, John S. Campbell, Jr., Baton Rouge, for The Travelers Ins. Co. and William C. Stallings, defendants and third-party plaintiffs-appellants.
Norman L. Sisson, Robert J. Jones, Robert L. Roshto, Baton Rouge, for Department of Highways, State of Louisiana, third-party defendant-appellee.
Before CHASEZ, BARNETTE and DOMENGEAUX, JJ.
BARNETTE, Judge.
These consolidated cases arise out of an intersectional automobile collision involving three automobiles. Two of the automobiles first collided, and the force of the impact caused both vehicles to be thrown out of control and both to collide with the third car which arrived at the intersection at or near the moment of the first impact. The personal injury claims are minimal but there was substantial damage to the automobiles. It is that damage and the issues of negligence and proximate cause with which these appeals are primarily concerned.
The collision giving rise to these suits occurred on July 29, 1967, in the Parish of St. John near the Town of Laplace. At the point in question, two blacktop highways, identified by State Highway numbers and in part by street names, intersect at right angles. We will not use the reference to highway numbers and names to avoid confusion and will refer to them by direction. They run respectively in an approximate north-south and east-west direction. The highways are of approximately the same width but the grade of the north-south road is at a slightly higher elevation than the east-west roadway.
The north-south highway is designated as the dominant road and the intersections *214 are supposed to be marked with appropriate stop signs. The intersection in question had been so marked with stop signs facing the traffic on the east-west roadway, thus giving the north-south road the right-of-way, but for some reason not known the stop signs on both sides of the highway were lying facedown in the grass.
William C. Stallings, a defendant in both suits, was driving his company-owned automobile insured by defendant The Travelers Insurance Company in an easterly direction approaching the intersection of the north-south highway at a lawful speed. About 50 yards back from the intersection there was a highway sign indicating a junction with the numbered highway. There were no other visible traffic signs. After he entered the intersection without stopping, his automobile was struck on the left side toward the rear portion of the car by an automobile moving south on the north-south highway, being driven by Sheila Synder, wife of Enoch J. Falterman. Mrs. Falterman is a plaintiff in one of the suits.
Simultaneously there was approaching the intersection from the south, moving north, a Pontiac automobile driven by Miss Linda Ory, a minor. The impact caused both the Stallings Ford and the Falterman Chevrolet to go out of control and both struck the Ory Pontiac.
In the first numbered suit the plaintiff is Dr. O. J. Ory, Jr., father of the minor. Linda Ory, seeking damages individually for total destruction of his Pontiac automobile and other incidental costs, and on behalf of the minor, damages for personal injuries alleged to have been sustained by her. Named defendant in that suit is The Travelers Insurance Company, the public liability insurer of Georgia Pacific Plywood Company, Stallings' employer and owner of the Ford automobile. Stallings is not specifically named as a defendant in that suit, though he appears in the answer and third-party petition with Travelers.
Travelers and Stallings denied the allegations of negligence and affirmatively pleaded contributory negligence of Miss Ory. By third-party petition they alleged the joint and concurrent negligence of Mrs. Falterman and the Louisiana Department of Highways for permitting the stop signs to be destroyed and not maintained properly and, alternatively, seek recovery of contribution from them as joint tort-feasors in the event they are cast in judgment to plaintiff Ory.
In the second numbered suit, the plaintiffs are Sheila Synder, wife of Enoch, J. Falterman; Mr. Falterman, individually for the community loss of the Chevrolet automobile and certain incidental expenses, and on behalf of his minor child, Michelle Falterman, for alleged personal injuries; and Evelina Madere Lemoine, a passenger in the Falterman automobile who seeks damages for alleged injuries sustained. Named as defendants in that suit are The Travelers Insurance Company (erroneously named in plaintiff's petition as The Travelers Indemnity Company) and Stallings.
Travelers' and Stallings' answer in that suit is substantially as in the Ory suit. They deny negligence and allege contributory negligence. They alternatively seek by third-party petition, as in the Ory suit, contribution from Sheila and Enoch J. Falterman, Jr., Dr. O. J. Ory, Jr., and the Louisiana Department of Highways.
In both suits the Department of Highways filed an exception of immunity. The exceptions were maintained and the Highway Department was dismissed from the suits. In maintaining the exceptions, the trial judge took appropriate notice of the then unsettled jurisprudence on the question of the Highway Department's immunity and followed the latest decisions of this court which were then pending hearing in the Supreme Court on writs of certiorari. The question has now been resolved against immunity and it is conceded that the judgments maintaining the exceptions must now be reversed. Bazanac v. State, Department of Highways, La., 231 So.2d 373 (1970); Picou (Compass) v. *215 State, Department of Highways, La., 231 So.2d 374 (1970); Herrin v. Perry, 254 La. 933, 228 So.2d 649 (1969).
In the Ory suit, judgment was rendered against The Travelers Insurance Company in favor of the plaintiff Dr. Ory in the stipulated amount of damage to his Pontiac automobile in the sum of $2,020, plus $131.50 incidental expenses, and in his favor on behalf of his minor daughter in the sum of $200. The defendants Travelers and Stallings appealed both from this judgment and the judgment dismissing the State Department of Highways.
In the other suit there was judgment against Stallings and Travelers in favor of plaintiffs Sheila Synder (Mrs. Falterman) for $100, Evelina Madere Lemoine in the sum of $128, and Enoch J. Falterman, Jr., in the amount of $336. The defendants Travelers and Stallings appealed from this judgment and also from the judgment dismissing the Highway Department.
From the testimony we must conclude that Linda Ory was free from fault. Except for the collision, Stallings would safely have cleared the intersection in front of Miss Ory. The damage to Dr. Ory's Pontiac was admitted and it was stipulated that his loss was $2,020 plus $131.50 for incidental expenses. Linda Ory's personal injuries were minimal, consisting of a minor whiplash which cleared up within 20 days. The award of $200 for her is not contested. Since the Ory suit is directed against Travelers only, the judgment can be maintained only if we find that Stallings, Travelers' insured, was guilty of negligence constituting a proximate cause of the accident.
The defendant Stallings was a stranger in the community and had never before traveled the highways in question. There was nothing in the appearance of the two highways to alert a stranger to their relative importance so that he could be charged with knowledge that one had the right-of-way over the other. Since the stop signs were down, Stallings approached the intersection as one not controlled.
On the other hand both Mrs. Falterman and Miss Ory were residents of the community and frequently traversed the point in question. They knew that the north-south road was the dominant one and had the right-of-way by highway regulation. Neither of them knew that the stop signs were down at that intersection.
The defendants Stallings and Travelers rely upon the provisions of the Louisiana Highway Regulatory Act, Sub-Part D on "Right of Way" which provide in pertinent parts:
LSA-R.S. 32:121:
"B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
C. The right of way rules declared in Subsections A and B are modified at through highways and otherwise as hereinafter stated in this Part."
LSA-R.S. 32:123:
"A. Preferential right of way at an intersection may be indicated by stop signs or yield signs."
They argue that since there were no stop or yield signs to indicate the dominant road and the right-of-way, the general rule of LSA-R.S. 32:121(B) applies. The Stallings and Falterman vehicles did enter the intersection at approximately the same moment and Stallings approached from the right, hence, they argue that under the general rule he had the right-of-way.
A strikingly similar combination of facts and circumstances existed in Fontenot v. Hudak, 153 So.2d 120 (La.App.3d Cir. 1963). In that case, as here, the plaintiff (here Falterman) was proceeding on a designated right-of-way street approaching an intersection. The defendant there (here Stallings) was approaching from plaintiff's *216 right. As in this case, there was a partial obstruction of view on the corner between the two motorists. The stop sign which had been placed at the intersection, as in this case was down, but was unknown to the plaintiff who was thoroughly familiar with the street and knew that he was on the designated right-of-way. The motorists entered the intersection at approximately the same time and, as in this case, neither was driving at an excessive speed.
The trial court found for plaintiff, holding that he had preempted the intersection. The Court of Appeal said it preferred to base its decision on other grounds. It observed that had the stop sign been standing, clearly plaintiff would have been entitled to recovery, citing Martin v. Barros, 142 So.2d 171 (La.App.3d Cir.1962); and Hernandez v. State Farm Mutual Ins. Co., 128 So.2d 833 (La.App.3d Cir.1961). The court then went on to say:
"The general rule of law in a case where a stop sign has been misplaced, improperly removed, destroyed or obliterated is set out in 74 A.L.R.2d at pages 245 and 246, and reads as follows:
'Where the boulevard, through street, or arterial highway has been properly designated and appropriate signs have been erected, it ordinarily has been held that the preferred status of the highway is not lost merely because a stop sign is misplaced, improperly removed, destroyed, or obliterated. But removal of the sign by municipal or state authorities has been held to destroy the preferred status of the arterial highway.
'The rule that a motorist driving on an arterial or preferred road protected by stop signs is entitled to assume that the driver of a vehicle on an intersecting servient street will obey the law and stop or yield the right of way has been held not rendered inapplicable because a stop sign which ordinarily should face the motorist on the side street has been misplaced, destroyed or improperly removed. But the right to rely on the assumption may be lost where the driver on the arterial road is not himself exercising due care while approaching or crossing the intersection, and motorist upon arterial highways will be held liable, of course, for collisions resulting from their failure to exercise due care toward traffic on the intersecting road.'
"As stated before, Fontenot was familiar with the intersection of Sixth and Hodges Streets. He knew that Hodges Street had the right-of-way because of the erection of stop signs on the east and west side of Sixth Street. Hudak, on the other hand, testified he did not know which of the two above-named streets had the right-of-way and stated this fact to his wife who was riding with him in the car at the time of the accident. He also slowed his speed but never did stop. He did not look to his left immediately prior to entering the intersection. The evidence also reveals that both drivers were not driving their respective vehicles at an excessive speed.
"Under the circumstances of this case, we are of the opinion that plaintiff was not negligent in crossing the intersection. He knew he had the right-of-way and was driving his car at a reasonable speed, namely 25 miles per hour. He was justified in assuming that Hudak would respect his right-of-way. Hudak, on the other hand, was not certain whether he had the right-of-way, and, in fact, slowed his vehicle somewhat before entering the intersection. He testified that a building to his left partially obstructed his view of traffic traveling north on Hodges Street. He failed to look to the left shortly before entering the intersection, thereby failing to maintain a proper lookout. We are of the opinion that his failure to maintain a proper lookout constitutes negligence on his part which was the proximate cause of the accident." 153 So.2d at 123.
*217 This court in a similar situation in Cangiamilla v. Brindell-Bruno, Inc., 210 So.2d 534 (1968), applied the rationale of the Third Circuit stated above and arrived at the same conclusion.
The decision in Montalbano v. Hall, 108 So.2d 16 (La.App.2d Cir. 1958), which strictly applied the statutory right-of-way rule of LSA-R.S. 32:121 (formerly R.S. 32:237) can be distinguished readily. In that case the automatic traffic control signal lights for some reason were not in operation and the intersection was therefore uncontrolled. Since the nonoperation of the signal system was obvious to both motorists, neither had a right to assume that he had the controlled right-of-way and both were held strictly to the statutory rule under the circumstances.
We think the principle of law stated in the Fontenot and Cangiamilla cases is equally applicable to the cases before us on this appeal and for the reasons there stated we hold that Mrs. Falterman was not negligent. The defendant Stallings admittedly did not at any time see the Falterman or the Ory vehicles until a moment before impact. We must conclude that his entry into the intersection where his view was partially obstructed by bushes and a building was the proximate cause of the accident. He cannot rely upon a statutory right-of-way to justify his negligent entry into the intersection under the circumstances presented here. We think Mrs. Falterman exercised the degree of caution consistent with her right to assume that she was on a designated right-of-way and her acts under the circumstances did not constitute contributory negligence.
Had the stop sign been in place to warn Stallings of the right-of-way, we must assume that he would have obeyed it and there would have been no accident. In Cangiamilla v. Brindell-Bruno, Inc., supra, under a factual situation peculiar to that case, we held the City of New Orleans liable in damages for not having maintained the stop sign, but we refrain from any expression of opinion regarding the third-party demand against the Highway Department in this case since the issue has not been tried.
The Highway Department concedes that the judgments maintaining its exceptions of immunity must be reversed and the cases remanded for further proceedings.
There is no issue over the property damage of Mr. Falterman nor the quantum allowed for the very minimal personal injuries of the other plaintiffs.
For the foregoing reasons the judgment appealed in proceeding number 3946 in favor of O. J. Ory, Jr., individually and on behalf of his minor daughter, Linda Ory, and against The Travelers Insurance Company and dismissing all other demands is affirmed at appellants' cost.
The judgment appealed in proceeding number 3947 in favor of Sheila Synder, wife of Enoch J. Falterman, Jr., and Enoch J. Falterman, Jr., and Evelina M. Lemoine against William C. Stallings and The Travelers Insurance Company and dismissing all other demands is affirmed at appellants' cost.
The judgments in both suits maintaining the exception of immunity and dismissing the third-party demands against the State of Louisiana, through the Louisiana Department of Highways, are reversed and both suits are remanded for further proceedings according to law on the third-party demands against the State of Louisiana, through the Louisiana Department of Highways.
Judgments affirmed in part; reversed and remanded in part.