BAILES, Judge.
Plaintiffs, Johnnie Bell, his wife and daughter, appeal from the adverse judgment of the trial court rejecting their demands for damages occasioned to them in a collision between the vehicle owned and operated by Johnnie Bell with an automobile owned by Alfred W. Lagman, being driven by his minor son, Robert Lagman, and insured by defendant, Allstate Insurance Company, on the night of April 3, 1969, at the intersection of Webster Street and Airline Highway in Kenner, Jefferson Parish, Louisiana..
We find no error in the adjudication of the trial court, and accordingly, the judgment appealed from is affirmed.
The facts are that on the night of this accident, plaintiff, Johnnie Bell, accompanied by his wife and daughter, was driving his vehicle on Webster Street toward Airline Highway, and as he approached Airline Highway, Robert Lagman, entered Airline Highway from a filling station situated on the lake side of the highway about seventy-five feet outbound from the intersection. Robert Lagman drove his vehicle into the right inbound lane of Airline Highway and as he drove through the intersection, Johnnie Bell drove his vehicle into Airline Highway. The left front of the Bell automobile struck the right rear quarter panel of the Lagman vehicle.
Plaintiff, Bell, contended that he drove to the intersection, stopped and looked in both directions, and upon seeing no vehicles either to his left or right proceeded forward and as he did so he looked again to his left whereupon he saw the Lagman vehicle approaching the intersection inbound. By this time his vehicle was about four feet into the lane of traffic occupied by Lagman, and at that time the Lagman vehicle struck his vehicle.
Robert Lagman testified that he never at anytime saw the Bell vehicle prior to the collision. His explanation was that as he had just entered Airline Highway a short distance from the intersection, he was looking in his rear view mirror to make sure he had safely entered Airline Highway.
One witness, Larry Johnson, a mechanic at the filling station from which Robert Lagman had driven his vehicle, testified that he was looking at the Bell vehicle as it came to the intersection and that the driver, Bell, did not stop prior to driving into Airline Highway.
The trial judge assigned written reasons for judgment which we quote:
“The Court is of the opinion that the evidence as testified to by several of defendant’s witnesses preponderates to the effect that the defendant, Robert Lagman, was proceeding down Airline Highway at a moderate rate of speed when the plaintiff, Johnnie Bell, travelling on Webster Street, failed to stop for a stop sign at the intersection of Webster Street and Airline Highway and ran into the right rear quarter panel of the defendant’s car.
“The Court is further of the opinion that these acts of the plaintiff, Johnnie Bell, were the sole and only cause of the accident.
“Even if the evidence preponderated in favor of the plaintiffs’ version of the accident, the Court is of the opinion that it would still have been caused solely through the fault and negligence of the plaintiff, Johnnie Bell, who testified that after stopping for the stop sign he looked both ways, saw nothing coming and then proceeded to start across Airline Highway at which time he saw the defendant, Robert Lagman coming down the road and at that time he stopped again. Obviously, even according to this version, the plaintiff failed to see what he should have seen as Lagman’s car obviously had to be only a short distance away when Bell looked in that direction since Bell was struck when he was only four feet into the highway.”
The finding of fact of the trial judge is clearly supported by the record.
*365 As Airline Highway is the superior street, vehicular traffic thereon has the right of way over vehicles entering therein from inferior streets such as Webster Street. A stop sign on Webster Street required plaintiff, Bell, to stop before entering Airline Highway and not to enter until it was safe to do so. A motorist travelling on a favored street has a right to assume that any driver approaching the intersection on a less favored street will yield the right of way; and such favored motorist can indulge in this assumption until he sees the other driver is not going to stop. See Mahaffey v. State Farm Mutual Automobile Insurance Company, La.App., 175 So.2d 905 (1965); Benoit v. Vincent, La.App., 132 So.2d 75 (1961). Furthermore, a motorist is under a continuing duty to look and see and must see what he can see and in legal contemplation does see, and failure to see what could have been seen by the exercise of due diligence constitutes negligence.
Plaintiffs plead, alternatively, the last clear chance. This is not a case for the correct application of the last clear chance doctrine.
“To apply doctrine of last clear chance, plaintiff must have been in position of peril of which he was unaware or from which he was unable to estricate himself, defendant must have been in position to discover plaintiff’s peril, and defendant must have had reasonable opportunity to avoid accident when he discovered plaintiff’s peril.”
Accardo v. Grain Dealers Mut. Ins. Co., La.App., 151 So.2d 116 (1963), writ refused 244 La. 402, 152 So.2d 213 (1963).
Robert Lagman could not have possibly discovered the fact that the Bell vehicle was going to enter the intersection and strike his automobile in time to have averted the collision.
Judgment appealed from is affirmed at appellants’ cost.
Affirmed.