265 So.2d 322 (1972)
Mrs. Herman W. DILLMAN, Jr.
v.
ALLSTATE INSURANCE COMPANY.
Herman W. DILLMAN, Jr., Individually and on Behalf of his minor sons, Herman W. Dillman, III and Robert Dillman
v.
ALLSTATE INSURANCE COMPANY.
Nos. 5136, 4970.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 1972.
*323 Edward J. Norton, Jr., New Orleans, for appellants.
Porteous, Toledano, Hainkel & Johnson, Christopher E. Lawler, New Orleans, for plaintiff-appellee.
George T. Oubre, Norco, for third-party defendant-appellee.
*324 Before SAMUEL, CHASEZ and LEMMON, JJ.
CHASEZ, Judge.
This appeal concerns two suits which arose out of the same accident and involve the same individuals. The two suits were consolidated by stipulation of counsel and the matters were tried together in the Civil District Court for the Parish of Orleans.
Initially, Herman W. Dillman, Jr., instituted suit by petition individually, and on behalf of his minor sons, Herman W. Dillman, III, and Robert Dillman, against Allstate Insurance Company. By supplemental and amended petition Junios Brown was made co-defendant. This suit was filed in the First City Court for the City of New Orleans and involves a claim of damages for the minor children totaling $900.00 ($450.00 to each child).
Mrs. Herman W. Dillman, Jr., filed a second suit in the Civil District Court for the Parish of Orleans against Allstate Insurance Company for an asserted claim of damages for personal injury, pain and suffering, in the sum of $5,000.00. Junios Brown was made a co-defendant in this suit also.
In both suits, defendant, Allstate Insurance Company, answered alleging the contributory negligence of Mrs. Dillman in the operation of the family automobile. Additionally, defendant filed a third-party demand against Junios Brown to recover any amount Allstate Insurance Company would be held liable for on the principal demand.
The only damages sought relate to the personal injury, pain and suffering of the parties plaintiff. No claim is made for special damages and accordingly such damages are not herein discussed.
Junios Brown is the owner and operator of a vehicle involved in the two car collision giving rise to this law suit. Brown has no insurance. Allstate Insurance Company is the insurer of the Dillmans and their vehicle and, as such, the two suits were filed against it under the uninsured motorist provision contained in its policy.
After trial on the merits in the Civil District Court judgment was rendered in favor of Allstate Insurance Company and against Mrs. Herman W. Dillman, Jr., dismissing the plaintiff's suit and holding her contributorily negligent.
In the First City Court judgment was entered against plaintiffs and in favor of Allstate, dismissing plaintiff's suit[1], and in favor of Herman Dillman on behalf of his two minor children against Junios Brown for the sum of $300.00 ($150.00 per child). Additionally, judgments were rendered in both courts, dismissing the third party demand. Appeals were taken from both judgments by the plaintiffs therein.
The collision giving rise to this suit occurred at approximately 4:15 P.M. on August 22, 1968 at the intersection in the City of New Orleans, formed by Leonidas and Hickory Streets. Leonidas Street is a two-way street that runs from the river towards the lake. Hickory Street is also a two-way street that runs generally from downtown towards Jefferson Parish. Both streets are black topped and comprise two lanes for travel in opposite directions.
Mrs. Herman Dillman was driving home after picking up her husband from work and was proceeding on Leonidas Street in a direction away from the river toward South Claiborne Avenue. Traveling with her was her husband, in the right front seat, and their two minor children, who occupied the rear seat. Both Mrs. Dillman *325 and her husband testified that they were proceeding at a speed of about 25 miles per hour and as they approached the intersection of Leonidas and Hickory they got to the corner (approximately by the sidewalk) when they saw an automobile coming from their right "shoot out in front" of them. Mrs. Dillman applied her brakes and attempted to veer to the right; however, she collided with the other vehicle being driven by Junios Brown. Plaintiffs testified that the left rear side of the Brown vehicle was struck. The officer attending the scene of the accident also stated that Brown's vehicle was damaged on the left side, from front to rear. Plaintiffs additionally contend that Brown was attempting to cross through the intersection and proceed on Hickory Street toward Jefferson Parish.
The record reflects that the Dillmans have travelled on Leonidas Street frequently and were very familiar with this particular intersection. They knew that Leonidas was the favored street at this corner, with Hickory being controlled by stop signs. However, on the day of the accident the stop sign which would have normally controlled Brown's vehicle was knocked down and lying in the grass between the curb and the sidewalk.
Junios Brown testified that he was unfamiliar with the area, being a resident of New Sarpy, Louisiana. Brown was visiting a friend who resided on Leonidas Street and he drove on that street after coming to New Orleans via River Road. After a short visit he drove his vehicle around the block and eventually came to Hickory Street. Headed toward Jefferson Parish on Hickory Street, he approached the intersection of Leonidas Street. He asserts that he did not see any sign and assumed "a yield the right of way" situation. He tapped his brakes and slowed down to approximately ten miles per hour. He testified that when he reached the intersection he looked to his left down Leonidas Street and could see "approximately to the next block, maybe" or at least 100 feet in the direction from which the Dillman vehicle was approaching; however, he stated that he never saw the Dillman automobile and therefore did not stop his vehicle, but proceeded to execute a right turn. When he was half way through his turn the Dillman vehicle struck his automobile on the rear quarter panel.
It is apparent from the testimony contained in the record that this corner is one commonly referred to as a blind corner. There is a barroom located on the corner of Hickory and Leonidas abutting the sidewalk which interferes somewhat with the view of both vehicles. Mr. and Mrs. Dillman also testified that there were cars parked on Hickory Street which blocked their view of the Brown vehicle and thus they were unable to see him before he entered the intersection. No vehicles were parked on Leonidas Street which interfered with anyone's view as the area is a bus stop and the testimony reflects that on the day of the accident the area was unoccupied by any parked cars.
The trial court determined that Mrs. Dillman was contributorily negligent in failing to maintain a proper lookout.
Defendants, Allstate Insurance Company and Junios Brown, maintain that Brown was unfamiliar with the area and since the stop sign was knocked down the intersection became one of streets with equal dignity as to Brown, resulting in Brown's vehicle, since it was the automobile to the right, being entitled to the right of way by reason of LSA-R.S. 32:121. This statute grants the driver of a vehicle on the right a right of way when two vehicles enter an intersection from different streets at approximately the same time. However, this rule is not without some modification or exception.
In a similar situation where a stop sign was lying in the grass we had occasion to review conflicts with the right of way statute and favored streets. In Ory v. Travelers Insurance Company, 235 So.2d 212, 216 (La.App., 4th Cir., 1970) we cited Fontenot v. Hudak, 153 So.2d 120 (La.App., 3d Cir., *326 1963) and a legal principle that bears repeating:
"`The general rule of law in a case where a stop sign has been misplaced, improperly removed, destroyed or obliterated is set out in 74 A.L.R.2d at pages 245 and 246, and reads as follows:
`Where the boulevard, through street, or arterial highway has been properly designated and appropriate signs have been erected, it ordinarily has been held that the preferred status of the highway is not lost merely because a stop sign is misplaced, improperly removed, destroyed, or obliterated. But removal of the sign by municipal or state authorities has been held to destroy the preferred status of the arterial highway.
`The rule that a motorist driving on an arterial or preferred road protected by stop signs is entitled to assume that the driver of a vehicle on an intersecting servient street will obey the law and stop or yield the right of way has been held not rendered inapplicable because a stop sign which ordinarily should face the motorist on the side street has been misplaced, destroyed or improperly removed. But the right to rely on the assumption may be lost where the driver on the arterial road is not himself exercising due care while approaching or crossing the intersection, and motorist upon arterial highways will be held liable, of course, for collisions resulting from their failure to exercise due care toward traffic on the intersecting road.'"
See also: Vittetoe v. Traders & General Insurance Co., 255 So.2d 831 (La.App.2d Cir., 1971), writ denied, 260 La. 701, 257 So.2d 156 (1972).
Leonidas Street at the intersection in question is a favored street with traffic on Hickory Street, being normally controlled by stop signs.
We are convinced that Mrs. Dillman was not negligent. She was traveling on a street familiar to her. She was proceeding at a lawful rate of speed and she knew from past experience that Hickory Street was controlled by stop signs at this intersection. A motorist traveling on a favored street is entitled to assume that any driver approaching the intersection on a street not so favored will yield the right of way and can rely on this assumption until he sees that the other driver is not going to stop. Ory v. Travelers Insurance Company, supra; Bell v. Allstate Insurance Company, 260 So.2d 363 (La.App., 4th Cir., 1972). This right is not affected because the stop sign which faced intersecting traffic had been removed.
We do not believe that Mrs. Dillman could possibly have seen the Brown vehicle before he turned out in front of her and by that time it became too late to avoid the accident. We cannot find any evidence in the record that she breached any duty of reasonable care.
Since Brown was unfamiliar with the area where the collision took place and was not aware of any duty to stop and yield the right of way, he was not guilty of any negligence for his failure to do so. However, he was under a duty to exercise reasonable care in entering the intersection. He testified that he tapped his brakes and looked to his left but did not see anything. We find it difficult to believe that he could see 100 feet or more down a street and fail to see the approaching car that collided with his vehicle before he completed his turn. A driver of a vehicle is under a duty to maintain a proper lookout and to see that which he should have seen and failure to do so by the exercise of due diligence is negligence. Bell v. Allstate Insurance Company, supra. We therefore find Brown's negligence the sole and proximate cause of the collision.
The question of damages suffered by Mrs. Dillman was never determined in the lower court but we see no need to remand as the evidence reflective of compensable damage is contained in the record.
*327 There is no claim for special damages and only the pain and suffering of Mrs. Dillman and the two minor children are claimed as damages. Dr. Matthew Albert was the treating physician who diagnosed Mrs. Dillman's trouble as moderately severe cervical thoracic sprain and lumbrosacral sprain with secondary pylorus spasm. She had a 50% limitation of motion of her head and neck (rotation, flexation and extension). No x-rays were taken but analgesics and muscle-relaxants were prescribed as medication. No neck collar was used or felt necessary.
Mrs. Dillman was seen the night of the accident and by reason of her employment with Dr. Albert she received somewhat continuous attention. She was in pain for some three and one-half months, but she continued to work, Dr. Albert ascribing this fact to her high tolerance of pain and the mental stimulant of work taking her mind off her pain. That her pain was severe, however, is attested to by the doctor.
Appellate courts are guided in determining damages by evidence contained in a record and previous awards made by the courts of this state in similar situations. Therefore, considering the nature of her injuries, the pain suffered for 3½ months and the length of time for her treatment, we feel that an award of $2,000.00 is adequate.
As to the award of $150.00 per child made by the First City Court for the City of New Orleans, we can find no manifest error considering the fact that both children received bruises and were shaken up by the accident, however, both saw the doctor only once and no medication was deemed necessary.
For the foregoing reasons the judgment of the Civil District Court for the Parish of Orleans is reversed in part and only to the extent that it is now ordered that there be judgment in favor of Mrs. Herman W. Dillman, Jr., and against Allstate Insurance Company and Junios Brown, in solido, for the sum of $2,000.00, with interest from date of judicial demand and all costs.
Additionally, those portions of the judgment of the First City Court of Orleans which dismiss the suit of Herman W. Dillman, Jr. against Allstate Insurance Company and which render judgment in favor of Herman W. Dillman, Jr. and against Junios Brown in the sum of $300.00 are reversed in part, amended and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Herman W. Dillman, Jr., individually and on behalf of his minor sons, Herman W. Dillman, III and Robert Dillman, and against Allstate Insurance Company and Junios Brown, in solido, in the full sum of $300.00, with interest from date of judicial demand and all costs in both courts.
Reversed in part, amended in part, and as amended, affirmed.
NOTES
[1] Counsel for appellant and appellee stated in oral argument before this court that the judgment of the First City Court was rendered in this manner because suit was filed against Allstate Insurance Company solely under the Uninsured Motorist Provision of the policy and Mrs. Dillman, not made a party-defendant to the action and being found contributorily negligent, released Allstate Insurance Company from all liability.

Because of our determination of this case, however, we do not discuss the merits of this issue.