324 So.2d 924 (1975)
Glenn JENKINS, Plaintiff-Appellee,
v.
CITY OF ALEXANDRIA, Defendant-Appellant.
No. 5178.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearing Denied January 28, 1976.
Writ Refused March 12, 1976.
*925 Ford & Nugent by Howard N. Nugent, Alexandria, for defendant-appellant.
Neblett, Fuhrer & Broussard by Robert B. Neblett, Jr., Alexandria, for plaintiff appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Glenn Jenkins sues the City of Alexandria for damages sustained by him as a result of an automobile collision. Judgment was rendered by the trial court in favor of plaintiff, and defendant appealed. Plaintiff has answered the appeal, contending that the award made by the trial court is inadequate and should be increased.
The issues are whether the defendant city was negligent, and if so, whether plaintiff also was guilty of contributory negligence, barring him from recovery.
Plaintiff contends that the defendant city was negligent in having failed to trim some shrubbery which partially concealed a stop sign. We have concluded that plaintiff is barred from recovery by his own contributory negligence, and for that reason it is unnecessary for us to determine whether the defendant city also was negligent.
The collision occurred during daylight hours on May 30, 1973, at the intersection of Sixth Street and St. Anne Street, in the City of Alexandria. Sixth Street is a two-lane, hard-surfaced street, which runs north and south. It is 33.33 feet wide from curb to curb, and it is a one-way street for northbound traffic only. St. Anne Street is a two-lane, hard-surfaced street, which runs east and west, and motorists may travel in either direction on that thoroughfare. St. Anne Street also is 33.33 feet wide from curb to curb.
Sixth Street is the right-of-way, or preferred, street at the point where it crosses St. Anne Street. Stop signs had been erected and at the time of the accident they were in place at the northeast and the southwest corners of the intersection, directing eastbound or westbound motorists on St. Anne Street to stop before proceeding to cross Sixth Street.
Immediately before the accident occurred, plaintiff Jenkins was driving his automobile west on St. Anne Street, the inferior thoroughfare. He did not stop at the intersection of St. Anne and Sixth Streets, but instead, he proceeded into that crossing without stopping. When his vehicle *926 reached a point west of the center line of Sixth Street, the left side of his automobile was struck by a vehicle being driven north on Sixth Street by Jerry C. McClung.
McClung was driving his automobile north in his left, or the west, lane of traffic on Sixth Street when the collision occurred. He did not stop before entering the intersection, since he was on the preferred street. The front of his car struck the left side of the Jenkins automobile. The collision occurred in the northwest quadrant of the intersection.
Both of the vehicles involved in the accident were being driven at speeds of from 20 to 25 miles per hour as they approached the intersection. Although both drivers stated that they applied their brakes before the cars collided, no skid marks were left by either vehicle.
The stop sign located northeast of the intersection, designed to warn westbound motorists on St. Anne Street to stop before entering the crossing, was eight feet east of the east curb of Sixth Street. An oleander bush was located from 10 to 13 feet east of that stop sign. The stop sign and the oleander bush were located on the neutral ground, between the north curb of St. Anne Street and the concrete sidewalk which ran parallel to that street. The neutral ground at that point was two and one-half feet wide. The sidewalk was four feet eight inches wide.
Plaintiff Jenkins testified that the oleander bush obstructed his view of the stop sign as he approached the intersection, and that he did not see that sign until he was even with the oleander bush, or about 18 to 21 feet from the east curb of Sixth Street. He stated that he was unable to bring his car to a stop after he saw that sign and before the collision occurred. He concedes that he saw the McClung automobile approaching the intersection from his left, on Sixth Street, when he was "approximately 25 to 30 feet" from the intersection, and "probably 20 feet" before he reached the oleander bush. Since the oleander bush was from 18 to 21 feet east of the intersection and Jenkins saw the McClung automobile when he was about 20 feet east of that bush, it appears from his testimony that Jenkins actually was more than 25 or 30 feet from the intersection when he saw the McClung automobile approaching from his left. Plaintiff's car, of course, travelled more than one-half the distance, or at least 17 feet, through the intersection before it was struck. We are convinced that Jenkins travelled at least 50 or 60 feet between the time he saw McClung approaching the intersection and the time of the collision.
Jenkins explained that he had seen no stop signs at the intersection of Fifth Street and St. Anne when he negotiated that crossing shortly before the accident occurred, and he thereupon assumed that St. Anne had been converted into a right-of-way street. When he reached the Sixth Street crossing and saw no stop sign there he concluded, erroneously, that St. Anne was a through street at that junction. He assumed that McClung was on an inferior street and would stop before proceeding into the intersection.
Plaintiff testified that he did not take his foot off the accelerator until he saw McClung approaching from his left, that he did not apply his brakes until he was within 8 or 10 feet of the McClung vehicle, and that even so he brought his car to a stop just before the vehicles collided. His explanation for failing to take his foot off the accelerator sooner was that "... I had the right-of-way why should I." He also stated that "... as we got to the middle of the street II got about, I guess, 8 or 10 feet from me I put my brakes on anduhthat's where we stopped, right there," that "I got my car stopped in the middle or maybe just a little bit more than the middle of the street, "and that "we was about 8, 6 or 8, 10 feet *927  When I seen we was going to make the impact I put my foot on the brake...."
The law is settled that where a street has been properly designated as a right of way street, and appropriate signs showing it to be such have been erected, the preferred status of that street will not be lost merely because a stop sign is misplaced, improperly removed, destroyed or obliterated. Fontenot v. Hudak, 153 So.2d 120 (La.App. 3 Cir. 1963); Kinchen v. Hansbrough, 231 So.2d 700 (La.App. 1 Cir. 1970); Ory v. The Travelers Insurance Company, 235 So.2d 212 (La.App. 4 Cir. 1970). Dillman v. Allstate Insurance Company, 265 So.2d 322 (La.App. 4 Cir. 1972).
In Fontenot v. Hudak, supra, a stop sign on an inferior street had been knocked down, and the defendant driver on that street thus was not certain as to whether he had the right of way. He entered the intersection without stopping, and he collided with a motorist on the preferred street. We held that the driver on the inferior street was negligent in failing to maintain a proper lookout as he approached and entered that crossing.
Substantially the same facts were presented in Kinchen, Ory and Dillman, supra, and in each such case the motorist on the inferior street was held to be negligent in having failed to stop at or to use reasonable care before entering an intersection where the stop signs had been knocked down.
Applying the above rules to the facts in the instant suit, we conclude that Sixth Street remained the favored street, and St. Anne the inferior one, at this intersection, despite the fact that the stop sign on St. Anne was partially obscured. Jenkins did not have the right to assume that St. Anne was a right-of-way street simply because he did not see a stop sign at that intersection, and he was negligent in entering that intersection without stopping or exercising due care to see that he could negotiate the crossing safely. We believe that if plaintiff had exercised due care he would have brought his car to a stop in time to avoid a collision. Plaintiff thus was negligent in assuming that he was on a favored street, in entering the intersection without stopping, and in failing to bring his car to a stop after he saw the McClung automobile approaching from his left and before a collision occurred.
Our conclusion is that Jenkins was negligent in having failed to exercise reasonable care as he approached and entered the intersection, and that his negligence in that respect was a proximate and contributing cause of the accident, barring him from recovery in this case.
In view of that finding, it is unnecessary for us to determine whether the City of Alexandria also was negligent.
For the reasons herein set out, the judgment appealed from is reversed and judgment is hereby rendered in favor of defendant, City of Alexandria, and against plaintiff, Glenn Jenkins, rejecting plaintiff's demands and dismissing this suit at his cost. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.