WATSON, Judge
(concurring in part and dissenting in part).
This and the companion Wood case are difficult cases resulting from a near-inter-sectional collision in Natchitoches Parish. The vehicle driven by Mondello turned into the intersection and collided (in an area which the record substantiates as being some 80 feet from the center of the intersection) with the Wood vehicle which was traveling northerly on the favored highway 71-84. The stop sign facing Mondello was obscured to some extent and Mondello was to some extent (at least in my view) under the influence of alcohol. Mondello’s guest passenger, his wife, was killed and both Mondello and Wood were seriously injured.
The trial court found the Department of Highways’ negligence in obscuring the stop sign with a directional assembly sign to be the “sole and proximate cause” of the collision and further found that Mondello was not under the influence of alcoholic beverages. The trial court gave judgment against the Department and in favor of Mondello individually, in favor of Mondello on behalf of the four-year-old Mondello child for the loss of his mother, and in favor of Willie Lee Wood.
The majority has reversed the judgments against the Department of Highways and has given Wood judgment against Mondel-lo.
After a careful study of the record, I would hold Mondello negligent and the Department of Highways negligent, and I would find the negligence of both to be causes in fact of the accident. There is no question that the Department was negligent; the only question is whether that negligence was a contributing cause of the accident. The trial court held that it was and I believe under the manifest error rule the judgment should be affirmed as to the Department.
However, I agree with the majority in reversing the trial court on its finding of fact as to Mondello’s negligence. I find the evidence persuasive, without detailing the particulars, that Mondello was under the influence. Perhaps this accounts for Mon-dello’s apparent failure to jam on his brakes and skid into the intersection. Nevertheless, there is testimony in the record by expert witnesses to the effect that, even if Mondello had hit the brakes as soon as the stop sign became visible (at about the catt-legap), he could not have stopped. (See Professor Barnwell’s testimony at TR. 115). The trial judge accepted this testimony.
It is not certain how the Mondello vehicle proceeded just prior to the collision. The record suggests that, when Mondello crossed the cattlegap and became aware of the stop sign which was then visible, he slacked off the accelerator and decreased his speed to 20 or 25 m. p. h. and swung into the turn without hard braking. There is no evidence that he either skidded around the turn or that he skidded because of brake pressure prior to entering the turn.
The case presents a driver, somewhat under the influence, entering an intersection, which was so negligently signed that he could not have stopped if entirely alert. How can it be said that Mondello’s negligence was the only cause, or, on the contrary, that the Department’s negligence was the only cause?
The law presumes that when a stop sign is in place, drivers will obey it. Ory v. Travelers Insurance Company, 235 So.2d 212 (La.App. 4 Cir. 1970); Funderburk v. Temple, 268 So.2d 689 (La.App. 1 Cir. 1972), writ refused, 264 La. 223, 270 So.2d 875 (1973). When the stop sign is missing and drivers fail to stop, the missing sign is deemed a cause in fact of the collision. Vallot v. Touchet, 337 So.2d 687 (La.App. 3 Cir. 1976). The same reasoning would ap *739 ply to an obscured stop sign; if a driver cannot see a stop sign until it is too late and he fails to stop, the obscured sign is a cause in fact of the collision. The majority here emphasizes that the collision occurred 80 feet from the center of the intersection. This indicates only that Mondello was able to slow enough to turn partially without skidding or turning over. He must have entered the intersection rather suddenly because Wood hit the brakes and skidded partially onto the wrong side of the road.
The trial court found the Department’s negligence to be a cause in fact. I find no clear or obvious error in that conclusion. I would reverse Mondello’s judgment, individually, against the Department, but I would affirm the judgment on behalf of the Mondello child against the Department. I would give Wood (and there is a serious question about the adequacy of his award for loss of wages) judgment against both Mondello and the Department.
Thus, I respectfully concur as to Mondel-lo’s liability, but dissent as to dismissing the Department of Highways.