354 So.2d 609 (1977)
Eula V. FOLLINS, Individually and on Behalf of the minor Edris Follins
v.
Lazzard BARROW et al.
No. 11661.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
Writ Refused March 27, 1978.
Arnold J. Gibbs, Baton Rouge, of counsel for plaintiff-appellees Eula V. Follins and Edris Follins.
*610 Anthony J. Clesi, Jr., Baton Rouge, of counsel for defendants-appellees Lazzard Barrow et al.
Joseph F. Keogh, Parish Atty., W. George Bayhi, Baton Rouge, of counsel for defendant-appellant City Parish Government.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Defendant City of Baton Rouge (City) appeals from judgment casting it in damages to plaintiffs for personal injuries sustained in an intersectional automobile accident alleged to have occurred due to the City's negligence in removing a stop sign at the site of a street construction project. Mrs. Follins has answered the appeal seeking an increase in damages for personal injuries to herself and her guest passenger minor daughter and also seeking recovery of lost earnings denied by the trial court for lack of proof. We reverse upon finding that the City's failure to restore the stop sign was not a cause in fact of the accident and that the sole cause in fact of the accident was the negligence of plaintiff driver.
The accident occurred at approximately 7:30 A.M., February 25, 1975, at the intersection of North Acadian Thruway East (Acadian), a two lane, paved one way street, both lanes of which are devoted to northbound traffic, and Washington Street, a two lane east-west thoroughfare on which vehicles travel in both directions. At the time of the accident, Washington Street was under extensive repair by Barber Brothers Contracting Company, Inc. (Barber), pursuant to a contract with the City. The project was then approximately 90% complete. A stop sign normally controlled westbound traffic on Washington Street. On February 5, 1975, City employees removed the sign which had not been re-erected at the time of the accident. On the day of the accident, City employees re-erected the sign after the accident happened. Mrs. Follins was traveling west on Washington Street accompanied by her 7 year old daughter. Her vehicle was struck on its left side by an automobile owned and driven by Lazzard Barrow who was proceeding north on Acadian. Barrow was insured by Motors Insurance Corporation (Motors); Barber was insured by Allstate Insurance Company (Allstate). Named defendants, in addition to the City, are Barrow, Motors, Barber and Allstate. All defendants except the City were exonerated from liability. This appeal concerns plaintiffs' claims against City only.
The following operative facts are either undisputed or established by undisputed evidence. Acadian is the superior street and enjoys right of way over Washington. In this regard, we judicially note that Acadian is one of the principal north-south traffic arteries in the City of Baton Rouge. The stop sign which should have faced Mrs. Follins as she approached the intersection had been taken down by City employees on February 5, 1975, and was not in place at the time of the accident. Responsibility for the sign rested upon the City.
Mrs. Follins, a school teacher, lived about four blocks from subject intersection, and had lived there for more than three years prior to the accident. On the morning in question, Mrs. Follins was taking her daughter to the home of a friend who lived nearby and who was to transport the child to school that day. The child was normally taken to school by Mrs. Follins' sister but, on this particular day, the sister was not going to work as usual. Mrs. Follins' friend accommodated Mrs. Follins by taking the child to school occasionally. Although Mrs. Follins did not customarily take Washington Street to go to her friend's home, she did use this route infrequently.
Mrs. Follins approached the intersection at a lawful rate of speed. She reduced her speed before entering the intersection but did not stop. She looked in both directions and did not see traffic approaching from either way. There was no impediment of her view to either her right or her left. She entered the intersection totally unaware of the presence of the Barrow vehicle. She did not apply her brakes; she made no attempt to avoid colliding with the Barrow automobile.
*611 Mr. Barrow was proceeding on Acadian at a lawful rate of speed. When he was almost at the intersection, Mrs. Follins pulled into the intersection directly across his path. He applied his brakes and attempted to veer to his right. He could not, however, avoid the impact which occurred 10 feet west of the east parallel of Acadian and 10 feet south of the north parallel of Washington. At said point the front of the Barrow car struck the left side of the Follins vehicle.
The trial court exonerated Barrow from liability on finding him free of negligence. Specifically, the trial court held that Barrow acted reasonably to an emergency created by Mrs. Follins suddenly pre-empting his right of way. Barber was relieved of liability on the finding that the City alone was responsible for erection and maintenance of the stop sign which was not in place at the time of the accident. The City was held liable on the ground that its removal of the stop sign constituted negligence because the sign was permitted to remain down for an inordinate period. The trial court also found that the absence of the sign was the cause in fact of the accident.
Expectedly, in seeking affirmance of the finding of liability and an increase in quantum, Mrs. Follins relies upon Canter v. Koehring Company, 283 So.2d 716 (La.1973), and urges that factual findings of the trier of fact, based on credibility evaluation, should not be disturbed on appeal. We are quite mindful of Canter, but find it inapplicable to the case at hand. In this instance, there is no dispute as to the facts. We are not called upon herein to resolve conflicting versions of an accident. Neither are we called upon to determine witness credibility. This case involves a question of law only; namely, what legal conclusions are proper in the light of undisputed facts.
An act leading up to an accident neither constitutes negligence imposing liability on a defendant, nor does it constitute contributory negligence barring a plaintiff's recovery unless it is a cause in fact of the accident. Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972).
To determine cause in fact, courts will carefully scrutinize all the evidence, and those acts will be adjudged causes in fact when it is found that more probably than not they were necessary ingredients of the accident. Stated otherwise, an act will be deemed a cause in fact of an accident only when, viewed in the light of all the evidence, it is concluded that it is a substantial factor without which the accident would not have happened. Laird, above.
Mrs. Follins had lived within the immediate vicinity of the accident for at least three years. Although she denied knowing that Acadian was superior to Washington at this particular intersection (because there was no signal light at the crossing), she knew that Acadian was a major traffic artery. She knew that Washington Street was under construction. While she denied knowing a stop sign usually was in place at this intersection, she admitted having taken this particular route to her friend's home on infrequent prior occasions. Mr. Barrow was aware that Acadian was the superior street. He was proceeding at a lawful rate and reacted reasonably upon being presented with the emergency created by Mrs. Follins.
A motorist entering an intersection has the duty to look for approaching traffic and not to enter the intersection when it is patently unsafe to do so. Dillman v. Allstate Insurance Company, 265 So.2d 322 (La.App. 4th Cir. 1972).
A motorist who looks is charged with the duty of seeing that which may be observed reasonably under the circumstances. Desselle v. State Through Department of Public Highways, 328 So.2d 389 (La.App. 3rd Cir. 1976). A motorist who looks and does not see what may be seen by the exercise of reasonable care is negligent to the same extent as one who does not look at all. Welch v. Mayhall, 325 So.2d 741 (La. App. 1st Cir. 1976); Decker v. Employers *612 Liability Assurance Corporation, 247 So.2d 232 (La.App. 4th Cir. 1971).
Considering all the evidence, we find that the trial court erred as a matter of law in concluding that the City's negligence in removing the stop sign was a cause in fact of the accident. We find that removal of the sign was not a cause in fact of the accident. Rather, we find that the sole cause in fact was the negligence of Mrs. Follins in looking and failing to see the approaching Barrow vehicle which could and should have been observed by a motorist exercising ordinary reasonable care by slowing down and checking the traffic. There was no impediment of her vision. She could and should have seen the Barrow car in such proximity to the intersection as to make her entry imprudent. Even if she had stopped for a stop sign, the accident would not have been avoided if she had looked but failed to see the Barrow vehicle approaching.
In Dillman, above, which also involved an intersectional collision, plaintiff driver was barred from recovery under circumstances more favorable to plaintiff than those involved herein. In Dillman, plaintiff driver was unfamiliar with the intersection. In this instance, Mrs. Follins lived in the area and had traveled this particular route before. We find that Mrs. Follins' fault was the sole cause in fact of this accident.
The judgment of the trial court casting the City in damages is reversed and set aside and judgment is rendered herein in favor of the City rejecting plaintiffs' demands, with prejudice. All costs of these proceedings are to be paid by plaintiff, Eula V. Follins.
Reversed and rendered.