354 So.2d 763 (1978)
Thomas BURNS
v.
Lenba D. Dominique, wife of/and Russell J. DOMINIQUE, City of Westwego, Parish of Jefferson and Liberty Mutual Insurance Co.
No. 8670.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Rehearing Denied February 14, 1978.
Writ Refused March 31, 1978.
*764 Steven R. Plotkin and Jonathan M. Lake, New Orleans, for plaintiff-appellee.
Denise M. D'Aunoy, Metairie, for Russell and Lenba Dominique and Liberty Mutual Insurance Company, defendants-appellants.
Bridgeman & Conway, James R. Conway, III, Metairie, for State of Louisiana through the Department of Transportation and Development, defendant-appellant.
Before GULOTTA, BEER and BOWES, JJ.
BOWES, Judge.
Plaintiff, Thomas Burns, filed suit against Lenba D. Dominique, her husband, Russell J. Dominique, their insurer, Liberty Mutual Insurance Company, the City of Westwego, and the Parish of Jefferson, seeking to recover personal injury and property damages resulting from a collision at the intersection of Fourth Street and Avenue B in the City of Westwego. Other defendants, including the State of Louisiana, were later joined as defendants.
The Parish of Jefferson was dismissed on a summary judgment, and after trial on the merits the lower court rendered judgment in favor of plaintiff and against Mr. and Mrs. Dominique, Liberty Mutual Insurance Company, and the State of Louisiana through the Department of Transportation and Development, for $7,236.99. Judgment was also rendered dismissing all other defendants from the suit.
The record reflects the accident in question occurred on June 14, 1974 at 1:15 in the afternoon. Defendants' vehicle was traveling in a southerly direction on Avenue B and plaintiff's vehicle was traveling in a westerly direction on Fourth Street. Fourth Street was the favored street. A stop sign required traffic to stop before crossing Fourth Street. The record indicates the stop sign was partially and considerably obstructed at the time of the accident, and for this reason Mrs. Dominique proceeded across Fourth Street without stopping for the stop sign.
The testimony of Mrs. Dominique leaves little doubt she was negligent for not stopping. She testified that she did not see the stop sign and did not look in either direction before crossing Fourth Street on the theory that the absence of a stop sign gave her an absolute right of way which did not require her to look.
Likewise, there is no doubt regarding the negligence of the State of Louisiana, Through the Department of Transportation. The courts have stated on numerous occasions the governmental authority in charge of maintaining safe roadway *765 conditions is negligent in allowing a dangerous condition to persist. The rule was succinctly stated in Funderburk v. Temple,[1] as follows:
"The law imposes a high degree of care on the part of governmental agencies charged with the responsibility of maintaining traffic signs, signals and other vehicular control devices. McDaniel v. Welsh, La.App., 234 So.2d 833. Failure of a governmental agency to repair a damaged, nonfunctioning or malfunctioning traffic signal, sign or control device, after reasonable notice, either actual or constructive, constitutes negligence rendering the responsible government agency liable for all reasonably foreseeable accidents occurring as a result thereof. McDaniel v. Welsh, above."
The testimony of Officer Munch of the Westwego Police, and others, leaves no doubt that the sign had been partially obstructed for a very long timeperhaps years.
Defendants urge that plaintiff was guilty of contributory negligence by not looking to his right before proceeding into the intersection. The general rule involving intersectional collisions where a stop sign has been destroyed or misplaced was set out in Jenkins v. City of Alexandria,[2] as follows:
"The law is settled that where a street has been properly designated as a right of way street, and appropriate signs showing it to be such have been erected, the preferred status of that street will not be lost merely because a stop sign is misplaced, improperly removed, destroyed or obliterated. Fontenot v. Hudak, 153 So.2d 120 (La.App. 3 Cir. 1963); Kinchen v. Hansbrough, 231 So.2d 700 (La.App. 1 Cir. 1970); Ory v. Travelers Insurance Company, 235 So.2d 212 (La.App. 4 Cir. 1970). Dillman v. Allstate Insurance Company, 265 So.2d 322 (La.App. 4 Cir. 1972)."
The motorist on a favored street has the right to assume that a driver approaching on a less favored street will yield the right of way, but once he sees or should see the other car will not observe the law, he must exercise reasonable care in order to avoid a collision.[3] The trial judge in this case obviously concluded plaintiff exercised the necessary degree of care under all the circumstances and was not guilty of contributory negligence by entering the intersection when defendant failed to stop. We see no abuse of the wide discretion afforded by the jurisprudence to findings of fact of the trial judge and we conclude there is no reason to set aside his finding that plaintiff was not guilty of contributory negligence.
The only substantial issue presented in this appeal is the trial judge's award for lost wages and property damage. With regard to the lost wage claim plaintiff was employed by Avondale Shipyards as a welder-foreman. It was established that his rate of pay was $5.40 per hour as of April 29, 1974 and the average work week at Avondale was 45 hours per week. Gary Eisler, job placement supervisor at Avondale, testified plaintiff was working the night shift for additional compensation, and he computed plaintiff's normal gross pay as $262.90. Because plaintiff was absent from work eleven weeks and two days the court computed his lost wages at $2,997.06.
Defendants dispute this award on the basis that plaintiff did not introduce his prior work record at Avondale and he did not establish that work would have been available to him during the period of his disability. They also complained that plaintiff did not introduce corroborative evidence such as income tax returns or employment records.
Defendants also urged the court committed error by awarding $1,000 for damage to plaintiff's truck because plaintiff did not support his claim with proper expert testimony. Plaintiff produced an estimate of *766 damage prepared by a firm which ceased doing business prior to the trial and plaintiff was then allowed to offer testimony to substantiate the content of the estimate. The trial judge did not allow the estimate into evidence, but allowed plaintiff to make an offer of proof. After questioning the plaintiff about the truck and about the nature and extent of the damage inflicted on it, the trial judge awarded plaintiff $1,000 for the truck's damage.
The Supreme Court in the case of Jordan v. Travelers Insurance Company,[4] set forth the following rule:
"Where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. Civil Code Art. 1934(3); Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236 (1954), and decisions therein cited. This latter principle is also applicable, where the fact of loss of earnings or earning power, past or future, is proved, but not any exact amount. Goode v. Hantz, 209 La. 821, 25 So.2d 604 (1946); Clouatre v. Toye Bros. Yellow Cab Co., 193 So.2d 344 (La.App. 4th Cir. 1966), certiorari denied 250 La. 270, 195 So.2d 147 (1967); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960), certiorari denied."
Applying this principle to the facts of the case before us, it is clear the evidence produced by plaintiff sufficiently substantiates the trial court's award of lost wages. The plaintiff proved by competent testimony the amount of wages he customarily earned and the amount of time lost because of the accident. The trial judge did not abuse his discretion in making the award, which must stand.
Likewise, the award of $1,000 for property damage was not an abuse of the trial court's discretion. The damage to the truck was proved by photographs and by the testimony of the plaintiff. There is no adverse presumption that the person who prepared the estimate would have testified against plaintiff because plaintiff issued a subpoena for that person's appearance, which could not be served. The truck was obviously damaged, and the trial judge's estimate of damages, which could not be proved with mathematical certainty under the circumstances, is not reversible error.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
BEER, J., concurring with written reasons.
BEER, Judge, concurring.
I am in general agreement with the majority opinion. However, I use this means to express my concern regarding the tendency to permit recovery of insufficiently proven special damages. I cannot say that the able trial judge went beyond his broad discretionary powers in making the $1,000 award for the damage to plaintiff's truck. Yet, in my view, the record does not sufficiently support same.
NOTES
[1] La.App., 268 So.2d 689.
[2] La.App., 324 So.2d 924.
[3] Audubon Insurance Company v. Knoten, La.App., 325 So.2d 624; Fontenot v. Lucas, La.App., 228 So.2d 211.
[4] 257 La. 995, 245 So.2d 151.