BAILES, Judge.
This action to recover money judgment for damages, both physical and property, arises out of a collision between a 1956 Plymouth automobile owned by plaintiff, *451 Joseph Strahan, and driven by his wife, the ■other plaintiff, and a pickup truck insured under an automobile public liability insurance policy issued by defendant. The accident occurred on the 29th day of September, 1962, at the uncontrolled intersection of South Orange Street and East Morris Street in the City of Hammond, Louisiana. Defendant, by third party pleadings, im-pleaded Zurich Insurance Company and Mrs. Robbie E. Strahan, driver of Strahan vehicle, as third party defendant.
After trial on the merits, the lower court rendered judgment against Hartford Accident and Indemnity Company and in favor of plaintiffs. Only defendant Hartford has appealed, and plaintiffs have not answered the appeal.
Defendant has assigned six specification of errors, however in view of judgment of this matter, only the first two specification of errors need be mentioned. These are:
I. The trial court erred in apparently finding that Rock Santangelo did not have the right of way. II. The trial court erred in apparently finding that Mrs. Strahan preempted the intersection.
The facts are quite simple. South Orange Street runs north and south, and East Morris Street runs east and west. Plaintiff, Mrs. Strahan, was driving her automobile south on South Orange Street at 'the time defendant’s insured, Rock Santan-gelo, was driving his pickup truck east on East Morris Street. The intersection of these two streets is not controlled by either stop or yield signs, nor with any type semaphore signals. Inasmuch as Mr. Santangelo was approaching the intersection to the right of Mrs. Strahan, he was accorded the right of way under the provisions of R.S. 32:121, Paragraph B which provides: “When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right,” unless it is found as a fact Mrs. Strahan should be accorded the right of way under the provisions of Paragraph A of this same statute which provides : “The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.”
The evidence shows Mr. Santangelo entered the intersection and was in the southwest quadrangle thereof near to the center of the street when he struck the right front fender of the Strahan automobile with the front of his pickup truck. He testified he saw Mrs. Strahan approaching the intersection when she was some distance north, and at which time he was only a few feet from entering the intersection. The evidence is clear Mrs. Strahan was driving considerably faster than Mr. Santangelo who estimated his speed at 6 to 8 mph. There were no witnesses to the occurrence other than the drivers of the vehicles. Mrs. Strahan’s own testimony convinces us she was not keeping a proper lookout on approaching and entering this intersection.
Her attorney, on page 20 of the record, asked this question:
“Q. Would you explain for us in your own words how this accident occurred?
“A. Well, I had just turned from the National Food Store out on South Orange Street and started south and when I got to East Morris I slowed down and looked both ways and didn’t see any cars coming either direction and I started to cross and just as I got in the opposite lane this truck hit me and I didn’t see it until it had hit me.”
Plaintiffs contend Mrs. Strahan had preempted the intersection and by reason thereof Mr. Santangelo should have yielded to her safe passage through the intersection, and having not done so, defendant is liable for the damages resulting from the collision.
On pre-emption see Sonnier v. United States Fidelity & Guaranty Co. (La.App. *452 1955) 79 So.2d 635; Reinninger v. Delta Fire & Casualty Co. (La.App.1958) 106 So. 2d 746; and Sanford v. Thompson (La.App. 1965) 174 So.2d 865; also Oswalt v. Transcontinental Insurance Company of New York (La.App.1957) 96 So.2d 233.
In pre-emption it is not solely a question of who arrived at the intersection first, but actually who arrived there first with a reasonable opportunity and expectation of clearing the intersection without impeding or interfering with the crossing thereof by other vehicles.
The evidence convinces us Mrs. Strahan is not entitled to be accorded the privilege or status of pre-emption, and therefore she should have yielded the right of way to Mr. Santangelo. Her failure to do so is adjudged the sole and proximate cause of the collision and resulting damages.
The judgment of the trial court in favor of plaintiffs is reversed and judgment is rendered in favor of defendant rejecting the plaintiffs’ demands at their costs.
Reversed.