REGAN, Judge.
The plaintiff, Louis G. Decker, filed this suit against the defendants, Mr. and Mrs. Lionel Bachemin and Employers Liability Assurance Corporation, Ltd., in conformity with the uninsured motorist provision of his own policy, endeavoring to recover the sum of $18,025.00, representing damages which he asserts were incurred as the result of a collision between his truck and an automobile driven by Mrs. Bachemin.
The defendant insurance company answered and denied that Mrs. Bachemin, the uninsured motorist, was guilty of any negligence in the collision. It further asserted that the sole cause of the accident was the negligence of the plaintiff in failing to see Mrs. Bachemin's vehicle and in omitting to yield the right of way to her automobile which was being driven in a through street.
The defendant insurer alternatively alleged these same omissions of the plaintiff in order to establish his contributory negligence. The other defendants, Mr. and Mrs. Bachemin, filed no answer in this suit and were not represented by counsel.
After a trial on the merits, the trial court rendered judgment in favor of the plaintiff in the amount of $1,161.00. From that *234 judgment the defendant, Employers Liability Assurance Corporation, Ltd., has prosecuted this appeal. The plaintiff has answered the appeal requesting that we increase the amount of the judgment to $4,000.00.
The record discloses that this suit emanates from a collision which occurred on December 17, 1967 in the intersection of St. Roch Avenue and North Miro Street in New Orleans, between a truck operated by the plaintiff and an automobile owned by Lionel Bachemin and driven by his wife who was engaged in a community mission.
St. Roch Avenue has a wide neutral ground with ascending and descending lanes of traffic on each side, one for north bound traffic and the other for traffic moving south, or in the direction of the Mississippi River. Each of its roadways is approximately 30 feet in width. North Miro Street is a one way street for traffic moving in a westerly direction, or toward Canal Street, and it is also approximately 30 feet wide. In the intersection of the two streets there is located a stop sign which controls north bound traffic in St. Roch, and a slow sign for vehicles in North Miro Street.
The plaintiff testified that he was proceeding in St. Roch Avenue adjacent to the neutral ground lane in a northerly direction and stopped in obedience to the stop sign favoring Miro Street. Mrs. Bachemin was proceeding in North Miro and was faced with the slow sign. The vehicles collided near the center of the intersection formed by North Miro Street and the lake bound roadway of St. Roch Avenue.
Mrs. Bachemin testified that she was driving on the right side of Miro Street towards St. Roch at a speed of approximately 30 miles per hour. Since she knew from personal experience that she was confronted with a slow sign and that traffic in St. Roch was faced with a stop sign, she insists that she slowed her vehicle from 30 miles to approximately 25 miles per hour for the purpose of safely traversing the intersection. She related that she was aware of the fact that the view to her left was obscured by a business establishment which extends to the edge of the sidewalk at that point, but acknowledges that she exercised no other precautions. The first time she noticed the plaintiff’s vehicle was moments before the collision occurred.
The plaintiff asserted that he stopped his truck in obedience to the stop sign in St. Roch Avenue in the lane nearest the neutral ground. He looked to his right, saw nothing approaching, and proceeded to traverse the intersection at which time his truck was struck by the Bachemin vehicle between the truck’s center and its rear. The force of the collision was sufficient to do substantial damage to the truck and its contents, and to throw the plaintiff physically from his truck to the opposite side of the neutral ground near the south bound roadway of St. Roch.
Clarence J. Villio, who resided near the intersection, testified that he observed the impact when it occurred, and substantiated the plaintiff’s testimony to the effect that he stopped at the intersection, looked to his right and then proceeded across. He said that when the plaintiff’s automobile was well into the intersection Mrs. Bachemin’s vehicle struck the rear portion thereof although he could not estimate the speed of her car.
The evidence convinces us that Mrs. Bachemin was at fault in the operation of her vehicle. We are fully aware of the jurisprudence to the effect that a motorist driving in a right of way street, in possession of knowledge that the intersecting street is controlled by a stop sign, has a right to assume that any driver approaching that intersection from the less favored street will observe the law and bring his vehicle to a complete stop before entering the intersection. Such motorist may indulge in this assumption until he sees, or *235 should see that the other vehicle has or will not observe his obligation to stop.[1]
However, in discussing the very intersection which is involved in this litigation, the Louisiana Supreme Court has asserted[2] that the foregoing rationale is not applicable to a motorist proceeding on a favored street which is regulated by a slow sign, the organ for the court theorized that such a street is not “favored” to the same extent that it would be in the absence of the slow sign; therefore, the driver’s right to assume that a motorist would observe the stop sign in the intersection was greatly decreased by comparison with the right of the driver in cases not confronted with a slow sign to indulge in the assumption that the vehicle on the less favored street would come to a stop. The court further reasoned that a slow sign on the favored street warns the motorist that the locus or intersection is hazardous and his duty to exercise vigilance and prudence is therefore increased, and that it is inescapable that his right to rely on a motorist to obey a stop sign at the intersection is decreased. Such a motorist must do more than reduce his speed; he must also enter the intersection with caution and vigilance so as to apprise himself that he may proceed safely across. In the litigation before us, Mrs. Bachemin decreased the speed of her vehicle in the center of the block from 30 miles an hour to about 25 miles an hour. She completely neglected to apply her brakes at the intersection, and by her own admission the plaintiffs vehicle did not enter her vision until she actually struck it. In view of these facts the inevitable conclusion is that Mrs. Bache-min was guilty of negligence in the operation of her vehicle.
The only significant question posed for our consideration is whether the plaintiff has exculpated himself from any contributory negligence by virtue of his having preempted the. intersection.
The provisions of R.S. 32:123 reveal that it is the-duty of a driver confronted with a stop sign not only to bring his vehicle to a stop but also to evaluate the traffic conditions in the intersecting street and to yield the right of way to any vehicle approaching closely enough on the favored highway as to constitute a safety hazard.[3] To merely stop in obedience to a traffic sign and then proceed into the path of oncoming vehicles constitutes negligence. To look and not to see is equivalent to not looking at all.[4] It is clear under the circumstances that even if the plaintiff stopped and looked to his right as he and the witness said he did, he was nevertheless at fault since he did not see the vehicle which was obviously approaching in the favored street.
The plaintiff further contends that he is entitled to recover on the basis that he preempted the intersection since he was within its confines when he was struck. In Sanford v. Thompson,[5] the court explained that the following conditions must be satisfied in order for the motorist on a less favored street to avail himself of the doctrine of preemption: “(1) That a driver entering a favored street must regard the oncoming traffic, appraise the situation, and govern himself accordingly; (2) That he must have entered the intersection first; and (3) That he must have *236 entered the intersection with a reasonable opportunity and expectation of clearing the intersection without impeding the crossing thereof by other vehicles.” Moreover, in Sonnier v. United States Fidelity and Guaranty Co.,[6] the court reasoned that the right of preemption is not accorded to a driver who blindly enters a favored street without regard to oncoming traffic, and then attempts to absolve himself of liability because of the mere fact that he was there first.
The whole tenor of the record convinces us that while the plaintiff did in fact look he obviously did not see the approaching vehicle and he is therefore not entitled to the benefit of the doctrine of preemption in order to justify an award in his favor.[7]
The plaintiff has endeavored to distinguish the foregoing cases by pointing to the existence of the slow sign confronting the defendant’s vehicle in North Miro. In effect, he argues that in spite of the duty to carefully look for oncoming vehicles placed on him by the stop sign, he is nevertheless not required to exercise such a great degree of care in ascertaining the existence of approaching automobiles because the slow sign entitles him to rely on the fact that such vehicles will decrease their speed, in obedience thereto. It is not necessary, however, for us to decide this question since the plaintiff voluntarily admitted that he knew vehicles commonly traveled in North Miro Street at an excessive rate of speed. In response to a question by the court the plaintiff made the following admission:
“Yes, sir, it is, a terrible street, because they ought to have a four-way layout there because from Franklin Avenue down to what-you-call-them it’s nothing but a speedway. They run 45, 50, 60 — ”
In view of the plaintiff’s knowledge of the rapid speed of traffic usually traveling in North Miro Street, he was required to act in accordance therewith, and he cannot now rely on what the oncoming traffic might have done under other circumstances.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is rendered herein in favor of the defendants, Mrs. Marie W. Bachemin, wife of/and Lionel Bachemin and Employers Liability Assurance Corporation, Ltd., dismissing the plaintiff’s suit. The plaintiff is to pay all costs incurred herein.
Reversed and rendered.

. See Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292 (1945); Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (1948).

. See Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).

. See Shephard v. Checker Cab Company, La.App., 230 So.2d 343 (1970), and Landry v. State Farm Mutual Automobile Ins. Co., La.App., 215 So.2d 226 (1968).

. Jacobs v. State Farm Mutual Automobile Ins. Co., La.App., 191 So.2d 908 (1966).

. 174 So.2d 865 (1965).

. 79 So.2d 635 (1955).

. See also Reinninger v. Delta Fire & Casualty Co., La.App., 106 So.2d 746 (1958) ; Sanford v. Thompson, La.App., 174 So.2d 865 (1965), and Strahan v. Hartford Accident & Indemnity Co., La.App., 186 So.2d 450 (1966).