398 So.2d 161 (1981)
Rena G. SEMIEN, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 8157.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*162 McBride & Brewster, Glynn Rozas, Lafayette, for defendant-appellant.
Tate, Tate & Tate, Paul C. Tate, Mamou, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOMENGEAUX, Judge.
This case arises from an intersectional automobile collision. At issue is whether the nonfavored motorist pre-empted the intersection prior to the collision.
Laurel Street is a four lane undivided highway running east and west in the town of Eunice. Mallet Street is a two lane street running north and south which intersects Laurel Street. Southbound and northbound traffic on Mallet is controlled by stop signs at Mallet's intersection with Laurel; traffic on Laurel has the right of way.
On July 25, 1979 between 4 P.M. and 5 P.M., Felissa Semien was northbound on Mallet when she stopped at the intersection of Laurel and Mallet, looked both ways, and proceeded to drive her mother's 1967 Chevrolet across Laurel at a speed of 5 to 10 miles per hour. She testified that she was driving slowly because it was raining. Before she had completed crossing Laurel's four lanes, the Chevrolet was struck on the right side near the rear by a 1978 Ford driven by Diana L. Glaze, who had been traveling in a westerly direction on Laurel's outermost westbound lane when the accident occurred. The 1978 Ford was owned by Otis Cole, Jr., and was insured by State Farm Mutual Automobile Insurance Company (State Farm).
Thereafter, in Eunice City Court, Rena G. Semien, Felissa's mother, brought this suit against State Farm to recover for the damage to her car, which the parties stipulated amounted to $787.02. She also sought $450.00 as compensation for inconvenience and for the loss of use of her automobile.
Felissa Semien instituted a separate suit against State Farm seeking damages for personal injuries she claims to have suffered in the accident.
The two suits were consolidated.[1] After a trial on the merits, the City Judge found that Ms. Glaze was negligent and that Felissa Semien was not contributorily negligent. Judgment was rendered in favor of Rena Semien and against State Farm for $937.02-$787.02 for repairs, and $150.00 for inconvenience and loss of use of the damaged *163 automobile. Felissa Semien was awarded $750.00 for the mild whiplash she received in the accident.
State Farm has appealed, contending that Felissa Semien is barred from recovering for personal injuries because she was contributorily negligent. The defendant also contends that Rena Semien is barred from recovering from the defendant because the negligence of Felissa Semien, who was a minor at the time of the accident, is imputable to Rena Semien.
We agree that Felissa Semien is barred from recovery because she was negligent. We do not agree that her negligence is imputable to her mother, thereby barring recovery by Rena Semien.
Felissa Semien and Ms. Glaze were the only witnesses to the accident who testified. The investigating police officer also testified but he arrived at the scene after the accident occurred.
Ms. Semien testified that she stopped at Mallet's intersection with Laurel, looked both ways, and then decided to cross the highway, thinking that the road was clear enough for her to go. While she was crossing Laurel's eastbound lanes, she saw the Glaze vehicle approaching from the east or her right, but still felt that she could cross Laurel safely, even though she was only going 5 to 10 miles per hour. However, as she entered the outermost westbound lane in which Ms. Glaze was traveling, her mother's Chevrolet was struck on the right rear side.
Ms. Glaze testified that she was traveling in Laurel's outermost westbound lane at 32 miles per hour when she suddenly saw the Semien vehicle about to enter Laurel's two westbound lanes. At that moment she blew her horn and applied her brakes, but because the road was wet and slippery, she skidded into the Semien vehicle. Ms. Glaze did not notice the Semien vehicle earlier, she said, because her view of the car was obstructed by eastbound vehicles on Laurel that crossed Mallet just before Felissa Semien attempted to cross Laurel. Ms. Glaze stated that she did not swerve into the inside westbound lane to avoid the accident because another vehicle, slightly behind her, already occupied that lane.
Since Felissa Semien had already crossed three of Laurel's four lanes before the accident, the judge felt she had pre-empted the intersection. He held that Ms. Glaze should have operated her vehicle in such a manner as to be able to stop. Her inability to stop her vehicle in time to avoid the accident amounted to negligence. He found that Ms. Semien was not negligent. We disagree.
In order for the doctrine of pre-emption to apply favorably to Felissa Semien in this instance, the evidence must show that the driver on the inferior street (Ms. Semien on Mallet) entered onto the favored street (Laurel) when she had a reasonable opportunity to complete the crossing without endangering or impeding the passage of vehicles on the superior roadway. Burge v. Doty, 279 So.2d 273 (La.App. 2nd Cir. 1973), writ denied 281 So.2d 757 (La.1973); Williams v. Garner, 268 So.2d 56 (La.App. 1st Cir. 1972); Decker v. Employers Liability Assurance Corporation, 247 So.2d 232 (La. App. 4th Cir. 1971), writ denied 258 La. 915, 248 So.2d 586 (1971).
We find the doctrine of pre-emption inapplicable. The evidence shows that Felissa Semien violated her duty, under La. R.S. 32:123B, to yield to vehicles on the favored street which are so close to the intersection as to constitute an immediate hazard. Although Ms. Semien testified that she looked both ways and thought she could safely cross Laurel even though she saw the Glaze vehicle approaching, we conclude from the facts of the accident that she made an error in judgment. Ms. Semien offered no compelling reason to show why she felt she could cross Laurel in the face of the rapidly approaching Glaze vehicle. Indeed, she admitted that she drove across the intersection very slowly because of the rain, thereby depriving herself of any opportunity she may have had to cross Laurel Street safely. Under these circumstances, we hold that it was unreasonable of her to assume that a safe crossing could be *164 accomplished. Therefore, we conclude that the trial judge committed manifest error in holding that Felissa Semien was not negligent. We note that Moss v. Travelers Indemnity Company, 351 So.2d 290 (La.App. 3rd Cir. 1977), writ denied 353 So.2d 1036 (La.1978); and Gauthier v. Fogleman, 50 So.2d 321 (La.App. 1st Cir. 1951) are inapplicable. Those cases held that a motorist on a nonfavored street who was crossing a street with the right of way in apparent safety is not negligent, when, before the crossing is complete, his vehicle is struck by a vehicle on a favored street which is traveling at an excessive rate of speed. In the instant case, there is no evidence whatsoever that Ms. Glaze was traveling at an excessive speed when this accident occurred.
However, we find no manifest error in the trial judge's determination that Ms. Glaze was negligent. We feel that there is a sufficient evidentiary basis to warrant such a finding. The judge may have disbelieved Ms. Glaze's testimony that the eastbound traffic blocked her view of plaintiff's car. This testimony contradicts the testimony of Felissa Semien that she saw the Glaze vehicle before she attempted to cross Laurel Street. Assuming that the judge believed Ms. Semien's testimony to be more credible, there was no reason for Ms. Glaze not to have seen the plaintiff's car before it reached the westbound lanes of Laurel Street. Ms. Glaze's failure to see plaintiff's car sooner amounts to failure to maintain a proper lookout. See Decker and Burge for similar findings of negligence on the part of the driver with the right of way. (We note that in these cases the driver on the unfavored street who was crossing the favored street was also found to be negligent.)
No evidence was introduced to prove that Felissa Semien was acting as agent for her mother when the accident occurred. Thus, Felissa's negligence is not for that reason imputable to Rena. Nor is Rena responsible for the damages occasioned by Felissa's negligence simply because Felissa was a minor at the time of the accident. Under La.C.C. Art. 2318 the father, not the mother, is responsible for the damage occasioned by the minor children. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Deshotel v. Southern Farm Bureau Casualty Insurance Co., 224 So.2d 191 (La.App. 3rd Cir. 1969). Although State Farm alleged in its answer that Rena had legal custody of Felissa incident to a judgment of divorce and custody decree, the defendant failed to introduce any evidence to substantiate its allegation.
Although we find that the damage to Rena's automobile was caused by the concurrent negligence of both driversFelissa and Diana Glazewe will not disturb the $937.02 award rendered in Rena Semien's favor against State Farm. Since the cotortfeasors are solidarily liable, under La. C.C. Art. 2324, either of them (or either of their insurers) may be sued for the entire amount of the damages sustained by the injured party as a result of the tortfeasors' negligence. Rena elected to sue only the insurer of one cotortfeasor. While we realized that State Farm is entitled to contribution from the other tortfeasor, under La. C.C. Art. 2103, no demand for contribution has been made and no evidence establishes the identity of the party responsible, under La.C.C. Art. 2318, for the damage caused by Felissa while she was a minor.
For the above reasons the judgment of the City Court of Eunice which awarded plaintiff, Rena G. Semien, the amount of $937.02 against the defendant State Farm Mutual Automobile Insurance Company is affirmed. Costs are assessed against State Farm.
AFFIRMED.
NOTES
[1] A separate opinion is being rendered in Felissa Semien v. State Farm Mutual Automobile Insurance Company, # 8158, for the reasons expressed herein.