DOMENGEAUX, Judge.
Mrs. Billie Lachney sued Linda and Darrell Miller, their liability insurance carrier Sentry Insurance Company, the liability insurer of her son, Dale Lachney, and the underinsured motorist insurer of Mr. Frank Lachney, her husband, seeking to recover damages for alleged personal injuries sustained in a collision between the Miller vehicle and Dale Lachney’s vehicle in which Mrs. Lachney was a guest passenger. By partial judgment of dismissal, Dale Lach-ney’s insurer and the underinsured motorist carrier were dismissed from the suit. The case went to jury trial against Mr. and Mrs. Miller and their liability carrier. The jury found no negligence on the part of Mrs. Miller, the alleged tortfeasor, and judgment was rendered in favor of the defendants. Plaintiff’s motion for judgment notwithstanding the verdict and, in the alternative, for a new trial was denied. Plaintiff has appealed.
The facts of the case are as follows: On November 13, 1981, Mrs. Lachney was riding as a guest passenger in a vehicle driven by her son, Dale. The Lachney vehicle was traveling in the left of two eastbound lanes on Fulton Street in the City of Alexandria. As Dale Lachney maneuvered his vehicle into the right hand lane of Fulton Street east, he was struck in the right rear quarter panel by the Miller vehicle which was entering Fulton Street from Fifth Street. Mrs. Miller, who was driving the defendants’ vehicle, claimed that she had come to a complete stop at the stop sign situated at the intersection of Fifth and Fulton. She contended that although she observed the left eastbound lane of Fulton Street to be heavily trafficked, only one vehicle came to her view in the right hand lane — a semi-truck moving slowly and approximately a block away. Mrs. Miller stated at trial that as soon as she turned into the right hand eastbound lane she found the Lachney vehicle moving into her lane of travel and could not avoid the collision.
Appellant cites as error the jury’s finding that Mrs. Miller was free from fault when she turned onto Fulton Street and struck the rear quarter panel of the Lachney vehicle. This assignment of error requires us to do no more than review the factual basis for the trial court’s finding. Unless such review leads us to conclude *1060 that the jury’s finding was clearly wrong or manifestly erroneous, the judgment of the district court must be affirmed. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Appellant argues the law imposes a high degree of care on a motorist entering a main thoroughfare from a secondary street. R.S. 32:123, Semien v. State Farm Auto Insurance Company, 398 So.2d 161 (La.App. 3rd Cir.1981). This Court agrees with that standard but we note that it is the role of the fact-finder to determine whether the standard has been met.
In this case the jury evidently felt that Mrs. Miller had lived up to her duty of care. The record discloses that had Dale Lachney not chosen to change lanes when he did, Mrs. Miller would have had ample room to enter the right lane of Pulton Street east. Mrs. Miller testified that she did not see any right turn indicators operating on the cars in the left lane of Fulton Street. Assuming appellees’ version of the facts is accurate, the jury’s finding has a reasonably factual basis and is not clearly wrong or manifestly erroneous. While appellant may have contradicted the appel-lees’ case, the jury had the right and the duty to decide which witnesses they felt were most credible and decide the issues on that basis. We quote from Canter v. Koehring Company, supra, stating:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
There is sufficient evidence in the record to support the jury’s credibility evaluations. We conclude that the jury’s factual determination in favor of appellees is affirmed.
The appellant has also specified as error the trial judge’s denial of the motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. As we have found no error in the jury’s factual findings, the denial of the motion was proper.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.