STOKER, Judge.
Peggy H. Moran sued Ada and James King, their liability insurer, State Farm Mutual Automobile Insurance Company (State Farm), and Mrs. Moran’s underin-sured motorist insurer, Hartford Accident & Indemnity Company (Hartford), seeking to recover damages she incurred as a result of personal injuries she allegedly received in a two-ear collision between Peggy Moran and Ada King. Hartford third partied Ada *670 and James King and their insurer, State Farm. Ada and James King then reconvened against Peggy Moran and her liability insurer, Hartford, alleging that Peggy Moran was the cause of the accident and thus liable for the Kings’ damages.
The suit was tried before a jury which unanimously found that the defendant, Ada King, was free from any negligence. The plaintiff filed a Motion for Judgment Notwithstanding the Verdict and in the alternative a Motion for a New Trial. The trial judge denied the motions and rendered and signed a judgment on June 26, 1984, making the verdict of the jury the judgment of the court. As a result of a settlement made by defendants in reconvention, Peggy Moran and Hartford, a judgment was signed on July 6, 1984, dismissing the re-conventional demand made by the Kings.
Plaintiff, Peggy H. Moran, appeals the jury verdict which held that Peggy Moran was the sole cause of the accident and which dismissed her claims against the Kings.
The two-car collision which is the subject of this appeal occurred at about 3:00 p.m., October 14, 1982, on Pinhook Road in Lafayette, Louisiana. Mrs. King was driving a 1979 Lincoln and Mrs. Moran was driving a 1981 Volvo.
The accident occurred in front of a large shopping center located on the east side of Pinhook Road. The road had five lanes with the center lane designated as a turn lane. The shopping center had three entrances off of Pinhook. Apparently traffic was moving slowly and stacking up as a result of a traffic light. Mrs. Moran had stopped in the innermost southbound lane. Mr. Michon, who testified at trial, was directly behind Mrs. Moran in the line of cars. Some distance behind Mrs. Moran, Mrs. King, who had been traveling in the innermost southbound lane, moved her Lincoln into the passing lane in order to gain access to the shopping center. Mr. Michon testified that he noticed Mrs. Moran turn her steering wheel to the left, glance back, and move perhaps six inches toward the turning lane, but he testified that her turn signal was not on. Mr. Michon also stated that he looked into his side mirror at that time and saw Mrs. King traveling about 15 m.p.h. in the passing lane. As Mrs. King passed the Moran vehicle, Mrs. Moran turned into the passing lane. The Moran Volvo struck the Lincoln behind the front wheel or tire of the Lincoln.
Plaintiff argues that defendant was misusing the turn lane and that she should have kept a sharper lookout and thus should have seen Mrs. Moran beginning her turn. Plaintiff introduced a Manual on Uniform Traffic Control Devices as adopted by the Louisiana Department of Transportation and Development to describe the proper use of a two-way turn lane. On page 3B-17 the manual provides:
“A two-way left turn lane is a lane reserved in the center of a highway for exclusive use of left turn vehicles and shall not be used for passing and overtaking or travel by a driver except to make a left turn.”
The judge instructed the jury and advised that the above standard governed the duties of motorists. In performing its fact-finding role the jury could have found that Mrs. King had fulfilled her duty under this rule. Lachney v. Sentry Ins. Co., 471 So.2d 1058 (La.App.3d Cir.1985).
At trial plaintiff asserted that the manual had been adopted as part of Title 32 of the Louisiana Revised Statutes which governs traffic rules and regulations. We do not find this to be so. In fact, the use of a two-way turn lane is not governed by any specific statute in Title 32, thus the rule found in the manual does not enjoy the status of law. But viewing the facts as they appear in the record we find, as did the jury, that Mrs. King’s use of the lane was proper and certainly not a negligent act which caused the accident. She entered the lane to make a left turn into the adjacent shopping center and was prevented from accomplishing her goal when Mrs. Moran’s vehicle collided with her car.
Plaintiff also argues that Mrs. King had a duty to see Mrs. Moran. The cases *671 cited by plaintiffs counsel concerning this duty all deal with a motorist and a pedestrian. In such cases past jurisprudence has imposed a high duty on the motorist. We do not think the same standard is applicable in this case, but if plaintiff had such a duty, the jury could have reasonably found that Mrs. King could not have seen Mrs. Moran turn. Since the impact occurred behind the front wheel of Mrs. King’s Lincoln, it is reasonable to assume that Mrs. King was essentially past the Moran vehicle when it moved.
The judge explained that Mrs. Moran’s duty was to change lanes only when the way was clear. Since Mr. Michon saw Mrs. King in the turn lane, the jury could have reasonably decided that Mrs. Moran should have seen her also. Hence the jury could have concluded that Mrs. Moran was negligent.
Since we find no error in this judgment, we affirm. All costs are assessed to the plaintiff-appellant.
AFFIRMED.